## Ex parte BIGHORSE.

No. 27425. Nov. 4, 1936.

Rehearing Denied Nov. 17, 1936.

Luther P. Lane, for petitioner.

S. F. Goldwyn and Carl C. Wever, for respondent.

PER CURIAM. This is an original action in this court brought by Joseph Bighorse, as petitioner, for writ of habeas corpus. Petitioner in his original and amended applications alleges that he is an incompetent, restricted Osage Indian and that he is unlawfully restrained of his liberty and confined in the common jail of Tulsa county by A. Garland Marrs, sheriff of Tulsa county; that said sheriff has no warrant or commitment for his arrest or detention, but purports to act under a judgment of the district court of Tulsa county wherein petitioner was adjudged in contempt of said court for failure to comply with the prior order of the court directing payment of alimony and attorney fees; that said judgment was void as authority for his commitment, since it did not run in the name of the state of Oklahoma as required by section 19, of art. 7, of the Constitution and section 19, O. S. 1931, and is further void for uncertainty and contradiction and for the reason that it fails affirmatively to show ability on the part of the petitioner to comply with the prior order of the court and to show willful disobedience thereof by the petitioner. Petitioner also alleges that his imprisonment violates section 13, art. 2, of the Constitution, prohibiting imprisonment for debt, and denies him due process of law as provided by section 7, art. 2, of the Constitution, and denies him the equal protection of the law as required by section 1 of the 14th Amendment to the Constitution of the United States. Petitioner further urges that by virtue of the Enabling Act, the acts of Congress and the treaty provisions between the United States and the Osage Tribe the custody and control of his property is confided exclusively to the Secretary of the Interior as an instrumentality of the federal government, and that the judgment of the trial court punishing him for an indirect contempt was in effect an effort to coerce a federal agency.

A response has been filed by Ethel Bighorse, the divorced wife of the petitioner. This has been treated apparently by the parties as a response on the part of the sheriff of Tulsa county, and without discussing the appropriateness of the procedure we will so treat it. The respondent alleges that the petitioner is sui juris and hence responsible for his obligations, marital or otherwise. Respondent further recites the granting of a decree of divorce by the district court of Tulsa county on July 24, 1935, whereby she was awarded $2,000 as alimony and $200 attorney fees; the filing of a verified application for citation of petitioner requiring him to show cause why he should not be adjudged in contempt for failure to comply with said judgment; the issuance and service of said citation upon the petitioner, his trial and conviction and commitment thereunder to the county jail of Tulsa county; and avers that the district court had plenary jurisdiction in the premises and that the commitment and imprisonment of the petitioner is lawful in all respects. Attached to the response are copies of the divorce decree, application for citation, order directing issuance of citation, the citation and return of service thereof, journal entry adjudging petitioner guilty of contempt and journal entry and commitment with return thereon showing its execution by committing the petitioner to jail on September 22, 1936.

Since from the response it appears that the sheriff of Tulsa county now holds the petitioner under a commitment in proper form and running in the name of the state of Oklahoma, we deem it unnecessary to discuss petitioner's first contention. It is the general rule supported by the weight of authority that alimony is not a debt within the constitutional or statutory provisions against imprisonment for debt, and generally there is no distinction between temporary and permanent alimony. See Cain v. Miller (Neb.) 191 N. W. 704, 30 A. L. R. 125, and the cases cited in the notes under the A. L. R citation.

In Wells v. Wells, 46 Okla. 88, 148 P. 723, we held that disobedience of an order to pay alimony and counsel fees in a divorce action constitutes a civil and indirect contempt of court, and that commitment to a jail until such alimony and attorney fees should be paid is sufficient to make the duration of the sentence and confinement definite and certain. See Hutchinson v. Canon, 6 Okla. 725, 55 P. 1077.

Financial inability to make the payments does not limit the power of the court to punish for contempt, for as we have said in Fowler v. Fowler, 61 Okla. 280, 161 P. 227, L. R. A. 1917C, 89:

"A man who has no money or tangible property may be punished for contempt of court in failing to pay alimony adjudged to be paid by him, if he makes no honest effort, considering his physical and mental capabilities, to work and earn money to pay the same."

If this were an appeal from a judgment

of contempt rather than habeas corpus proceeding, much that we have said in Woodworth v. Woodworth, 173 Okla. 554, 48 P. (2d) 1052, would be pertinent. A different situation, however, is presented in this type of proceeding. As we have said in Ex parte Plaistridge, 68 Okla. 256, 173 P. 646:

"This court on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure, or errors of law on questions over which the court has jurisdiction. * * *

"Section 4893, Rev. Laws 1910, limits inquiry on habeas corpus to whether the district court which rendered judgment had jurisdiction of the parties and subject-matter and authority of law at the time of acting to render the judgment complained of."

See, also, Ex parte Waldock, 142 Okla. 258, 286 P. 765.

From the record herein it appears that the trial court had jurisdiction of the parties and the subject-matter and had authority at the time of acting to render the particular judgment which it did render. The writ of habeas corpus cannot be used to perform the office of a writ of error, and its use must be limited to those cases in which the judgment and sentence of the court is clearly void. We cannot entertain the suggestion that the judgment of the trial court was for an ulterior purpose.

The writ will be denied.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.