[Civ. No. 6567.   Third Dist.   Oct. 9, 1941.]

MARY FERNANDES, Appellant, v. ANTONIO PITTA, Respondent.

McGilvray & McGilvray and Forrest E. Macomber for Appellant.

O. C. Parkinson for Respondent.

THOMPSON, J.—The plaintiff has appealed from an order quashing an execution on the ground that the judgment

debtor was relieved from liability by a subsequent adjudication of bankruptcy.

The plaintiff and defendant were formerly husband and wife. There are three children as the issue of that marriage. The spouses were possessed of community real and personal property. The plaintiff commenced a suit for divorce against the defendant, praying for a dissolution of the marriage and for alimony, maintenance and counsel fees. An order for alimony *pendente lite* was made. Pending that action the parties executed a written agreement on July 11, 1930, settling their property rights. That agreement does not purport to allow plaintiff alimony, maintenance or costs of suit. It does convey to the husband the real property, household goods, farm machinery and an automobile, together with all their money on hand amounting to $1,879.02. By the terms of the agreement the wife was paid $800 in cash and the husband executed and delivered to her five notes for the additional sums of $360 each, payable, without interest, on the 30th day of July of each year from 1932 to 1936, inclusive. The contract then provides that:

"Each party shall hereafter be released and each party does hereby release the other from all claim of either party upon the other for support during their separation and from all claim for alimony, temporary or permanent, costs of suit and attorneys fees, which might otherwise be awarded in the action for divorce now pending between the parties or in any action for divorce or separate maintenance which may occur between the parties."

The agreement then provided that the husband would take absolute custody of the three children and that he would assume and pay all future cost for their support, maintenance and education.

A decree of divorce was subsequently awarded to the wife, in which the terms of the agreement settling property rights were duly approved. That decree became final and the wife subsequently married another man.

The first note was paid but the defendant defaulted in payment of the other four notes. In October, 1935, plaintiff brought suit upon the four unpaid notes and recovered judgment by default for the aggregate sum of $1,440, together with counsel fees in the additional sum of $300. The

defendant lost all of his property and subsequently filed a petition in bankruptcy. The four notes were listed in his petition as liabilities. Over opposition of the plaintiff, a final discharge in bankruptcy was awarded to the defendant December 2, 1938. After the discharge in bankruptcy was rendered plaintiff procured the issuance of execution and threatened to levy upon certain wages due to the defendant, to satisfy the judgment for the amount of the four unpaid notes. Upon due notice and hearing, based on affidavits, the court found that: ''Said notes were not executed for, and did not represent, either alimony due or to become due, or maintenance or support of wife or child or any other liability not dischargeable in bankruptcy''; and upon the contrary that ''the judgment in this action was a provable debt in said bankruptcy proceeding, and the collection thereof is barred by said discharge in bankruptcy.''

Thereupon it was ordered that the execution be recalled and quashed. From that order this appeal was perfected.

It is asserted the court erred in quashing the execution because the order is not supported by the evidence since the agreement settling property rights, which furnishes the foundation for the execution of the four notes, indicates that they were given in payment for alimony and maintenance of the wife of the maker thereof and that such obligations are not provable debts in a bankruptcy proceeding but are specifically exempted from release or discharge by the terms of the bankruptcy act as amended in 1903. It is claimed the court may go beyond the judgment which was rendered upon the four notes, and construe the agreement settling property rights, to determine whether the notes were given in payment of alimony or maintenance of the wife, and if so that it should determine that payment of the judgment for such notes is not barred by the bankruptcy proceedings.

■ There appears to be no doubt that under the provisions of section 17 of the Bankruptcy Act as amended in 1903 a discharge does not release the bankrupt from a debt for alimony, support or maintenance of a wife which is, or may become due, or for the education and care of his children, even though such claims are embodied in an agreement between the parties and have merged in a judgment subsequently recovered therefor. (Title 11, U. S. C. A., p. 150, sec. 35, U. S. Compiled Stats. of 1918, sec. 9601; 2 Reming-

ton on Bankruptcy, 4th ed., p. 217, sec. 779; 8 C. J. S. 1511, sec. 570; 6 Am. Jur. 816, sec. 508; 103 A. L. R. 722, note; 2 Schouler on Marriage and Divorce, 6th ed., 1940, sec. 1756; *Audubon* v. *Schufeldt,* 181 U. S. 575 [21 Sup. Ct. 735, 45 L. Ed. 1009]; *Dunbar* v. *Dunbar,* 190 U. S. 340 [23 Sup. Ct. 757, 47 L. Ed. 1084]; *Remondino* v. *Remondino,* 41 Cal. App. (2d) 208 [106 Pac. (2d) 437].) See also numerous authorities cited under section 17 of the Bankruptcy Act found on pages 177 and 178 of Title 11, U. S. C. A. That section provides in part:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except . . . for alimony due or to become due, or for maintenance or support of wife or child. . . . "

In the Dunbar case, *supra,* it was held that liability for the support and maintenance of children, even though reduced to judgment, is not provable in a bankrupt proceeding so as to release the debtor therefrom. This exception to the general rule is adopted on account of public policy to enforce the obligations for maintenance and support of the wife or children upon the husband or parents so as to relieve society of those burdens.

In the present case we are satisfied the order quashing the execution is supported by the evidence. In a critical examination of the agreement settling the property rights of the spouses we are persuaded that it neither promised to pay for maintenance or support of the wife nor recognized a liability on the part of the husband to do so. On the contrary, paragraph 11 of the contract, heretofore quoted, expressly "releases" the husband from all such claims on the part of the wife. The contract does not assert that release from liability to pay maintenance or support of the wife was in consideration of the payment to her of the $800 in cash or for the execution of the five notes. The agreement may reasonably be construed to be an acknowledgment that no such valid claim for maintenance or support existed. The agreement was subsequently approved by the court and the plaintiff withdrew her claim for alimony, maintenance and costs of suit. It is true that incidentally the subject of maintenance and support is mentioned in the contract. It is stated in paragraph 15 that the contract was made "solely

for the purpose of settling rights of property and support which arise between the parties on account of their present separation.'' But there is no acknowledgment of a liability to pay to the wife maintenance or support money. In every respect that document appears to be a straight agreement settling property rights between spouses as distinguished from a promise to pay maintenance or support. This construction is reinforced by the specific agreement therein contained that the husband shall take custody of their three children and become wholly responsible for their maintenance, support and education. We are therefore of the opinion the judgment for the four unpaid notes, executed pursuant to the express terms of the contract in settlement of property rights, was a valid debt which was provable as a liability of the husband in the bankrupt proceeding, and that his final discharge relieved him of future liability therefor.

The case of *Tropp* v. *Tropp*, 129 Cal. App. 62 [18 Pac. (2d) 385], presented a situation similar to the facts of this case. The syllabus of that case correctly states the principle which was determined, in the following language:

''Where a decree of divorce embodied the provisions of a property settlement agreement whereby the husband was to pay a stated monthly amount and a further amount in ten equal annual installments, and the liability to pay said further amount was a liability incurred in effecting a property settlement, as distinguished from a liability for 'maintenance or support', it was one of the husband's provable debts from which he was released by his discharge in bankruptcy, and there was no error in ordering a perpetual stay of execution, as to that portion of the decree.''

The case of *Remondino* v. *Remondino, supra,* upon which the appellant relies, is readily distinguishable from the Tropp case, *supra,* in the essential fact that the agreement in the last-mentioned case contained no acknowledgment of liability for the payment of maintenance or support, while in the Remondino case the contract covenanted that ''plaintiff agreed to pay defendant $100 on the first day of every month thereafter *'for the support and maintenance'* of defendant.'' The last-mentioned language is a clear recognition of liability for, and an agreement to pay, specified monthly installments for maintenance and support of the wife. No such language

exists in the property settlement agreement of the present case.

The order is affirmed.

Tuttle, J., and Pullen, P. J., concurred.

A petition for a rehearing was denied November 6, 1941.