## KELLY v. KELLY.

### No. 8476.

United States Court of Appeals for the District of Columbia.

Argued June 15, 1943.

Decided July 19, 1943.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Paul E. Jamieson, of Washington, D. C., with whom Mr. Thomas H. Patterson, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON, Associate Justice, and EICHER, Chief Justice of the District Court of the United States for the District of Columbia.

EICHER, Chief Justice of the District Court.

Appellant seeks reversal of an order of the District Court finding him in contempt and committing him to jail for nonpayment of a judgment for alimony in favor of appellee.

A limited divorce and alimony allowance of $45 per month was granted appellee on January 26, 1942. On November 28, 1942, appellee moved that appellant be adjudicated in contempt and filed supporting affidavit establishing his arrearages at $135. At the hearing on the motion held January 13, 1943, appellant claimed to be unemployed, but admitted that he received a pension of $100 per month as a retired member of the District of Columbia Fire Department, and that during the four month period preceding the filing of the motion he had been employed and had earned $250 in addition to his pension. He also claimed to be contributing to the support of his mother and invalid brother, that he had no funds, and that it was impossible to comply with the Court's order for the payment of $45 per month.

The fact that appellant was in arrears and the amount thereof was not disputed. The Court below ordered him committed to the Washington Asylum and Jail for a period of thirty days unless sooner purged of his contempt. After serving two days he obtained release on supersedeas bond pending outcome of this appeal.

■ Respectable authority exists (Ex parte Bighorse, 178 Okl. 218, 62 P.2d 487) for the holding that a man who has no money or tangible property may be punished for contempt if he makes no honest effort, considering his physical and mental capabilities, to work and earn money to pay alimony. Appellant made no claim of physical or mental incapacity, and it is certainly within the range of permissible judicial notice that at all times since the incidence of the alimony order, gainful employment has been obtainable for the asking in the District of Columbia.

■ Affirmance of this case does not, however, require the assumption that appellant was without funds when the installments that are now delinquent came due. During the three defaulting months complained of by appellee, the appellant's cash income was not less than $160 per month—more than three times the monthly alimony allowance. Contributions to the support of his mother and invalid brother are the only excuses offered for appellant's alleged inability to comply. Courts cannot concede that voluntary disbursements by an alimony debtor are entitled to priority over their own orders without nullifying the quasi-criminal sanctions accorded to them for the enforcement of such orders.

The judgment of the Court below is affirmed.