LEMONS v. LEMONS.

No. 34445.   Nov. 6, 1951.

Rehearing Denied Dec. 18, 1951.

238 P. 2d 790.

R. M. Mountcastle, Muskogee, for plaintiff in error.

Chas. A. Moon, Muskogee (Kay Wilson, Jr., Muskogee, of counsel, on brief), for defendant in error.

PER CURIAM. The parties will be referred to as they appeared below, Dixie Lemons as plaintiff, and Sammy G. Lemons as defendant.

The plaintiff appeals from a judgment of the district court holding that it was without jurisdiction to cite the defendant for contempt, from an order granting defendant a jury trial, and from a judgment denying costs and attorneys' fees.

On March 13, 1946, while married, the parties having determined "they can no longer continue the marital relation", executed a property settlement agreement under which the defendant retained his business free from plaintiff's claims, so long as he made certain weekly payments, and the plaintiff acquired an automobile, certain U. S. Series E bonds, certain furniture and the defendant agreed "to pay to the plaintiff for her support and maintenance the sum of $25.00 per week each and every week for a period of 23.81 years, or until the party of the second part has departed this life or has re-married." It was also agreed that should divorce proceedings be instituted "the term of this agreement may be entered as a part of any decree entered therein, should the parties so desire and should the same be termed necessary by the court in its order."

The following day the plaintiff filed suit for divorce, alleging that the parties had entered into a partial property settlement "which will be submitted to the court at the proper time, but in addition to that he should be ordered and directed and is amply able to pay the sum of Twenty-five and No-100 Dollars ($25.00) per week and to continue such payments during her life expectancy, which is 23.81 years." April 11, 1946, defendant filed a waiver. On November 21, 1947, a divorce was granted plaintiff. Defendant was not present nor was his attorney. In the decree the court found that "an agreement has been made, executed and delivered on the 13th day of March, 1946, for the division of property of said parties, in settlement of all property rights of plaintiff in lieu of alimony, which is hereby approved and made a part of this Decree. The Court further finds that by virtue of said settlement, the defendant agrees to pay this plaintiff the sum of Twenty-five ($25.00) Dollars per week for the period of 23.81 years or until the party of the first part has departed this life or is remarried," and that other portions of the contract had been performed. The court then "Ordered and Adjudged that the defendant pay to the plaintiff by virtue of the contract in settlement of property rights and in full settlement of property rights so long as said Decree is obeyed, the sum of Twenty-five ($25.00) Dollars per week for the period of 23.81 years dating from March 13, 1946, and the Court finds from the testimony that the defendant has complied with that contract up until the 1st day of November, 1947, and that he is in arrears the sum of $100.00 to this date and he is therefore Ordered, Adjudged and Decreed to pay in the future, the sum of Twenty-five ($25.00) Dollars per

week as alimony or property settlement or settlement of property rights, for a period of 1237.36 weeks and the same is hereby made a lien on the real estate of said defendant." An attorney's fee was also awarded plaintiff's attorney which was eventually paid.

On January 7, 1949, the parties filed a clarifying stipulation agreeing that the decree called for only one payment of $25 per week. And by order dated January 21, 1949, a copy of the March 13, 1946, contract was attached to the divorce decree of November 21, 1947. In the interim, while represented by other counsel, defendant filed a motion to modify alimony agreement in which he alleged that the decree of alimony was beyond his means and unjust, that the property settlement agreement provided for alimony in an indefinite amount, $25 per week for 23.81 years or until plaintiff died or remarried, and that he expected the divorce decree to so provide. He then prayed that the judgment be corrected to conform to the contract, when so corrected that it be set aside, and that "a judgment awarding alimony, if any, be entered in conformity with the equities of the case." On June 11, 1948, the district court sustained plaintiff's demurrer to that motion.

After the divorce, defendant paid plaintiff at most $50 per month, and on December 3, 1948, he was cited for contempt. There was a hearing on January 14, 1949, at the conclusion of which the court called for briefs. The court took the matter under advisement, and upon his suggestion that he would hold defendant in contempt, a petition for a writ of prohibition, with application that this court assume original jurisdiction thereof, was filed and denied in case No. 34024, on March 15, 1949. In the meantime, on February 18, 1949, plaintiff filed an amendment to her petition for citation for contempt, alleging, among other things, that defendant's failure to pay $25 per week was willful, an amended affidavit was filed, and these were attacked by motions to strike, to dismiss and by demurrer.

A response was filed, defendant demanded a jury trial, and an order was entered granting him one.

On June 18, 1949, the district court held that it was without jurisdiction to try defendant for contempt and dismissed the amendment to the petition for citation and the citation. A motion for new trial was overruled, and from that judgment the plaintiff appeals to this court.

On May 15, 1949, plaintiff filed a motion for alimony pendente lite in the amount of $25 per week and for attorney's fee in connection with the contempt proceedings and the application for a writ of prohibition, and by a subsequent amendment for fees and expense in connection with this appeal. On September 2, 1949, the district court found that it had lost jurisdiction to fix attorney's fees, they having been fixed at a previous term, and overruled the motion and amendment. From that judgment the plaintiff also appeals to this court.

The plaintiff contends that the divorce decree of November 21, 1947, in ordering payment of $25 per week, was a judgment for the payment of alimony for the violation of which defendant was subject to contempt proceedings. She further contends that this is res adjudicata by virtue of the action of the district court in sustaining her demurrer to defendant's motion to modify alimony agreement, which was not appealed from, and by the action of this court in denying the application for a writ of prohibition. She also contends that defendant is estopped to deny that the decree awards alimony by himself characterizing it as such in the motion to modify alimony agreement.

On the other hand, the defendant contends that the $25 per week payment ordered is by virtue of the property settlement of March 13, 1946, approved by the court in the divorce decree, terminated upon the death or remarriage of the plaintiff, is therefore for an indefinite amount, and therefore can-

not be an award for alimony. He further contends that contempt proceedings will not lie for failure to comply with the terms of a property settlement. He denies that the doctrine of res adjudicata is invoked by the action of the district court in sustaining the demurrer to defendant's motion to modify alimony agreement, or by this court in denying the application for the writ of prohibition, for the reason that they were correctly decided on other grounds. He also denies that defendant is estopped by his misnomer to deny that the decree awarded alimony.

If that portion of the divorce decree beginning "It is therefore Ordered, Adjudged and Decreed" is clear and unambiguous, it is controlling. Imo Oil & Gas Co. v. Chas. E. Knox Oil Co., 120 Okla. 13, 250 P. 117. If it is ambiguous, we may examine the entire record to ascertain its meaning. Filtsch v. Sipe, 198 Okla. 356, 178 P. 2d 612.

"In construing the judgment of the court effect should be given to every word and part thereof, including such effects and consequences that follow the necessary legal implications of its terms, although not expressed.

"When the wording of the judgment is not clear, it should be construed so as to carry out the evident purport and intent of the action, rather than defeat it." Gade v. Loffler, 171 Okla. 313, 42 P. 2d 815.

The decree orders and adjudges that, by virtue of the contract in settlement of property rights, the defendant pay $25 per week for 23.81 years from March 13, 1946, finds that defendant has complied with the contract up until the 1st of November, 1947, but is $100 in arrears, and therefore orders and adjudges that he pay $25 per week for 1,237.36 weeks "as alimony or property settlement or settlement of property rights". The last-quoted language is clearly ambiguous. The weekly payment is due either as alimony or under the property settlement agreement, not both. The judgment is clearly entered by virtue of the contract of March 13, 1946, and the findings in the

journal entry and the contract itself clearly and unambiguously provide that the weekly payments for 23.81 years (which plaintiff alleged was her life expectancy), shall terminate upon her death or remarriage. The contract provides that plaintiff shall have no claim against defendant's business so long as the weekly payments are maintained. The court specifically found that the weekly payments were in lieu of alimony. While a contract of property settlement is not necessarily binding on the court, Dresser v. Dresser, 164 Okla. 94, 22 P. 2d 1012, this one was specifically approved. We hold that the weekly payments are due plaintiff under the contract, that they terminate upon plaintiff's death or remarriage, and that they are not alimony.

We have not had occasion to pass upon the question of whether willful failure to make weekly payments under a property settlement agreement, approved by the court, is punishable by contempt. However, in Gray v. Gray, 89 Okla. 237, 215 P. 208, we indicated the answer to the problem in the final paragraph of the opinion:

"The division made by the trial court carried with it a continuing payment of $350.00 per month during widowhood. This, of course, is not made as alimony, and is not enforceable as such; same should have been, and doubtless was intended to be a judgment against plaintiff, his property, and his estate, when the payments are not made, as long as defendant remains a widow, and in default of any payment when due, enforceable by execution or other process as other judgments, and the decree should be modified to this effect, and as so modified, is affirmed."

In some other jurisdictions, it has been held that weekly payments under a property settlement agreement approved by the court are not enforceable by contempt. Foote v. Foote, 190 Md. 171, 57 A. 2d 804; Belting v. Marschner, 245 Mich. 111, 222 N. W. 137. In some jurisdictions a property settlement incorporated in the divorce decree is enforceable by contempt proceedings. But even in those jurisdictions, the weight

of authority is that if the payments agreed upon in the property settlement contract, incorporated in the decree and ordered to be made, are not such that they could be lawfully awarded as alimony, their payment may not be enforced by contempt proceedings. Foote v. Foote, supra. See, also, 11 American Jurisprudence, Divorce and Separation, §666 (Cumulative Supplement), and see annotation in 154 A. L. R. 443, at page 466.

Having held that the weekly payments here provided for terminate upon the death or remarriage of the plaintiff, they could not lawfully be awarded as alimony in this state, Bishop v. Bishop, 194 Okla. 209, 148 P. 2d 472, and we therefore hold that their payment may not be enforced by contempt proceedings.

This also disposes of the alleged error in granting defendant a jury trial on the contempt citation.

Plaintiff cites Remondino v. Remondino, 41 C. A. 2d 208, 106 P. 2d 437, holding that payments for support and maintenance are not dischargeable in bankruptcy. This case is of no assistance, since neither alimony payments not payments for support and maintenance due under a property settlement agreement are dischargeable in bankruptcy. 11 U.S.C. §35.

The fact that plaintiff referred to the judgment as a decree of alimony, in his motion to modify alimony agreement, does not give rise to an estoppel in the situation involved. Cf. Thomas v. Dawson, 189 Okla. 193, 115 P. 2d 136, in which we held that a pleading designated as a motion to quash would be treated as a demurrer. And see Foote v. Foote, supra, in which it is said, " . . . although the parties and even the Court call it alimony, the allowance for the wife in the decree is not alimony".

The relief sought by this motion filed March 16, 1948, was to have the judgment set aside and the court sustained plaintiff's demurrer to the motion. Since the divorce decree was entered November 21, 1947, the term had expired and the court was without jurisdiction to vacate or set aside the judgment except on statutory grounds. Alcorn v. Alcorn, 187 Okla. 196, 102 P. 2d 121. None were alleged in the motion. The court was correct, therefore, whether the judgment was one for alimony or one approving the property settlement. One of the essential elements of res judicata is that the subject matter of the two controversies must be the same. See Factor Oil Co. v. Brydia, 184 Okla. 113, 85 P. 2d 311.

In sustaining the demurrer to defendant's motion to modify, the court never reached the subject matter, since it was without jurisdiction on a motion filed after the expiration of the term to vacate or modify the judgment. Its action, therefore, cannot be construed as a holding that the judgment was one for alimony and res judicata to that effect.

Nor was the action of this court in denying plaintiff's application to assume original jurisdiction a holding that the judgment was one for alimony and res judicata to that effect. See Remondino v. Remondino, supra.

In the divorce decree an attorney's fee was fixed and eventually paid. The term expired. There were no children or temporary alimony involved. The trial court was, therefore, correct in holding that it had no jurisdiction, on a motion filed at a subsequent term, to grant attorney's fees and costs. Friedman v. Friedman, 132 Okla. 45, 269 P. 257. Judgment affirmed.

This Court acknowledges the services of Attorneys Fisher Ames, Lynn Adams, and Robert Belisle, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.