Owen Richard JOHNSON, Plaintiff in Error,

v.

Betty Floyd JOHNSON, Defendant in Error.

No. 43155.

Supreme Court of Oklahoma.

Sept. 23, 1969.

Rehearing Denied Nov. 18, 1969.

John C. Moran, Oklahoma City, for plaintiff in error.

Chiaf & Holmes, Oklahoma City, for defendant in error.

McINERNEY, Justice.

Owen Richard Johnson, as plaintiff in a divorce action, was found guilty of contempt of court for not complying with the provision in the divorce decree requiring him to make monthly payments in a specified amount to his former wife. Plaintiff appeals on the ground that failure to comply with the terms of the divorce decree is not a proper basis for contempt proceedings. The judgment granting the divorce and settling the property rights of the respective parties does not designate the sum to be paid to the defendant wife as either alimony or as a division of the property. This appeal calls for a determination of whether the payments are alimony or a division of property.

The parties entered into a lengthy and detailed property settlement contract on May 31, 1966. The plaintiff received the real property, both residence and business, and the business interests. Betty Floyd Johnson, as defendant, received $1,500.00 payable within ten days, and $30,250.00 payable in installments. Plaintiff was required to execute second mortgages on the real estate as security for payment of the award, the obligation was declared to be nondischargeable in bankruptcy, and the unpaid installments were to terminate on the death of the defendant.

A divorce on the grounds of incompatibility was granted to both parties on August 3, 1966. The court found that the parties had entered into a "Contract for Property Settlement and Alimony", approved its terms and provisions, incorporated the attached contract by reference in the decree of divorce, and then set out in detail the provisions of the contract in the judgment. Plaintiff later failed to comply with the required monthly payments. He was cited for contempt of court and, after a hearing, was found guilty on May 17, 1968, sentenced to sixty days in jail, the sentence to be suspended "depending on the future earnest endeavor" of compliance by plaintiff with the divorce decree. The Journal Entry of Judgment of May 17, 1968 discloses that the parties agreed that the plaintiff was in arrears in the *payments of alimony* through May of 1968 in the sum of $4,671.83, for which sum judgment was rendered, together with an attorney fee of $500.00, and the sentence for contempt imposed.

The parties agree that the validity of the order sentencing the plaintiff to jail for contempt is dependent on a determina-

tion of whether the $30,250.00 awarded to defendant is a division of jointly acquired property or is alimony. The absence of definitive language in the divorce decree presents a question of construction. 12 O.S.Supp.1968, § 1289 was not operative at the time the decree was rendered. In construing a judgment the court should take into consideration the situation to which the judgment was applied and the purpose sought to be accomplished. Hicks v. Hicks, Okl., 417 P.2d 830; Lemons v. Lemons, 205 Okl. 485, 238 P.2d 790; Gade v. Loffler, 171 Okl. 313, 42 P.2d 815.

A transcript of the testimony resulting in the divorce decree is not presented. The briefs admit that the defendant had an illness and was unable to work. The decree would indicate that the parties acknowledged the inadvisability of awarding property to the defendant and that a monthly sustenance was vital to her well being. The situation was resolved by granting to plaintiff all of the real property and business interests and awarding to defendant a money judgment payable in installments. The judgment provides defendant with a monthly income while affording plaintiff the means to meet the monthly obligations.

 The primary purpose of alimony is to provide for the support and maintenance of the divorced party. We hold that the $30,250.00 awarded to the defendant is intended to provide for her support and maintenance and is, therefore, alimony. Alimony may not be discharged in bankruptcy, Battles v. Battles, 205 Okl. 587, 239 P.2d 794, but may terminate upon death, 12 O.S.Supp.1965, § 1289, since amended. These two provisions of the divorce decree are compatible with a determination that the award is alimony. The second mortgage provision to secure the payment of the award is wise foresight rather than a description of her judgment as property.

The attorney now representing plaintiff argues a number of propositions based on the evidence, or lack thereof, presented at the hearing on the divorce and the hearing on the citation for contempt. A transcript of the testimony and the evidence taken at these hearings, and necessary for intelligent discussion and legal determination of the propositions, is not a part of the present record in this appeal. No attempt is, therefore, made to discuss or determine these remaining propositions. The propositions, including that challenging the attorney's fee, are not supported by the record.

The order in a decree of divorce for the payment of alimony may be enforced, by imprisonment, in contempt proceedings. Ex parte Bighorse, 178 Okl. 218, 62 P.2d 487. Owen Richard Johnson may be found in contempt, and imprisoned, on a proper showing of non-compliance with the order of the court.

The judgment finding Owen Richard Johnson guilty of contempt of court is affirmed. The cause is remanded to the District Court for imposition of the sentence, or for further consideration of the conditions of suspension of the sentence.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.