Orlando O. **ALEXANDER**, Appellee,

v.

Mary Alene **ALEXANDER**, Appellant.

No. 46365.

Supreme Court of Oklahoma.

Sept. 10, 1974.

Nicklas, Parrish, Saenz & Wade, Lawton, for appellee.

Sullivan & Sullivan, Duncan, for appellant.

BARNES, Justice.

The question presented in this case was and is whether or not that portion of the parties' divorce decree requiring Appellee to make certain mortgage payments can be enforced in contempt proceedings.

The payments apply to a mortgage indebtedness on a parcel of Marlow, Oklahoma, real estate which Appellee and Appellant occupied as their home shortly before they were separated. In the trial court, the resolution of the question hinged upon determining whether the mortgage payments were in the nature of alimony and support money, or were a part of the property division effected in and by the decree. The trial court held that they were the latter and therefore unenforceable in contempt proceedings.

On appeal, the Court of Appeals, Division No. 2, reversed and remanded, after

holding, independently of the issue on which the matter was submitted to the trial court, that the decree's mortgage payment provisions were enforceable by contempt proceedings. We grant certiorari, but also reverse the trial court's order and/or judgment as we do not concur with that court in its determination of the only issue submitted to it, as aforesaid.

According to the allegations of the "CROSS-PETITION" which Appellant filed in the divorce action [and were never denied in any pleading filed previous to the entry of the divorce decree], the parties separated in May, 1969 [before Appellee commenced the divorce action in July of the same year]; that in the month preceding their separation, the two parties entered into an oral agreement under which Appellant purchased the Marlow home and a Buick automobile, and Appellee agreed to pay for same [in addition to paying other debts] and to pay Appellant the sum of $200.00 per month; and that he paid her said $200.00 per month for several months after filing the divorce action.

In a pleading entitled "ENTRY OF GENERAL APPEARANCE" he filed on the same day the divorce decree was entered, Appellee set forth his understanding of the parties' agreement and confirmed that it included his making monthly payments on the Marlow home mortgage indebtedness, but he represented that the agreement also included a stipulation that his obligation to do so would begin in March, 1970, and terminate at the end of seven and one-half years thereafter, or upon Appellant's remarriage, "whichever event" occurred first. Appellee's said Entry of Appearance also represented that, according to his understanding of the parties' agreement, it also included [among other things] the stipulation that Appellant should recover judgment against him for the sum of $13,500.00 as and for alimony, to be paid in monthly installments of $150.-00 each beginning in March, 1970, and payable for seven and one-half years there-

after, or until Appellant's remarriage, "whichever event" occurred first.

In the divorce decree that was thereafter filed, the parties' agreement was specifically recognized and approved and incorporated in the document's decretal part as orders of the court.

Before the end of the year in which the divorce was granted [1970], Appellee became delinquent in making two of the monthly home mortgage installments in the amount of $171.00 each, and the Court, after Appellee had been ordered to show cause why he should not be cited for contempt, ordered him to pay those installments.

The order involved here was entered in January, 1973, after Appellee had again become delinquent and Appellant had filed a second Information for Contempt.

In the present appeal, the parties agree [as they did in the trial court] that if the divorce decree's mandate as to Appellee's payment of the monthly installments on the Marlow home's indebtedness was a part of the division of property effected in said decree, it cannot be enforced by contempt proceedings under the general rule referred to in Lemons v. Lemons, 205 Okl. 485, 488, 238 P.2d 790, 793, Stone v. Stidham, 96 Ariz. 235, 393 P.2d 923, and Bradley v. Superior Court, 48 Cal.2d 509, 310 P.2d 634, but that if it was a subsistence supplement to the alimony payments described in the decree, contempt proceedings may be an appropriate means of enforcement. Ex parte Bighorse, 178 Okl. 218, 62 P.2d 487.

One of Appellant's arguments that the trial court erred in its finding, in effect, that the requirement was a part of the division of property, is that, if the order for the mortgage payments had been so intended, it, like the permanent vesting of the home's exclusive title in her, would have called for Appellee's discharge of the home's mortgage indebtedness by monthly installments that would not terminate simultaneously with, and on the happening

of, the same events designated for termination of the alimony payments. Appellant points to the wording of 12 O.S.1971, § 1289(b), and argues, in effect, that the decree's provision for termination of Appellee's payment of the home mortgage installments upon the happening of the same event [appellant's remarriage] that said statute authorizes for termination of "support payments" shows that when the decree was entered these payments were regarded as in that category, instead of being a part of the property division.

We agree with Appellant's position. If the parties in their agreement, or the Judge in entering the divorce decree approving of same, had contemplated that Appellee's obligation to make the home mortgage payments was to be used as a device to complete an equitable division of the property between the parties, it is inconceivable that the quantum of that obligation would have been made to depend upon a contingency that might, or might not, occur in the future—thus rendering the obligation's total, or certain, value in dollars and cents unpredictable. Furthermore, if the $150.00 per month in alimony be considered the divorce decree's only cash provision for Appellant's support, this would be less than the amount of cash Appellee was paying over to her voluntarily during the months previous to the divorce, as hereinbefore noted.

In view of the foregoing, it is our opinion that the trial court misconstrued the nature of the home mortgage payments here involved. It is also our opinion that, under the circumstances, the court which granted the divorce decree could only have regarded those payments as a necessary subsistence supplement to the $150.00 per month Appellee was decreed to pay in alimony. Accordingly, Appellee's Petition for Certiorari is hereby granted and the decision of the Court of Appeals is affirmed as to its reversal of the trial court's judgment and remand of the case to that court for further proceedings, as well as its denial of Appellant's motion for oral argument and allowance of attorneys' fees; but said decision is reversed insofar as it conflicts with the views expressed herein.

Reversed and remanded.

All the Justices concur.