Anita C. **HUCHTEMAN**, Appellee,

v.

Ralph D. **HUCHTEMAN**, Appellant.

No. 48175.

Supreme Court of Oklahoma.

Nov. 23, 1976.

**428**

Coy H. McKenzie, Norman, for appellee.

D. Fred Doak, Oklahoma City, for appellant.

BERRY, Justice.

Trial court found appellant, Ralph D. Huchteman guilty of indirect contempt of court, and sentenced him to three months in jail. Appellant appeals.

On January 13, 1972, trial court entered judgment granting Anita C. Huchteman, appellee, divorce from appellant.

Trial court ordered appellant to pay child support of $100 per month until September 1972, and $150 per month thereafter. The amount was to increase to $200 per month on child's sixth birthday, and to $300 per month when appellant's income reached $15,000 per annum.

The court also ordered appellant to pay alimony of $15,000 at rate of $200 per month, with first payment being due on January 12, 1974.

On September 12, 1974, appellee filed application for citation for contempt on ground appellant failed to pay alimony and child support pursuant to divorce decree.

Appellant responded with motion to modify child support payments alleging he had remarried and could not afford to pay more than $100 per month.

The court found appellant guilty and overruled motion to modify.

Appellant first contends trial court erred in failing to dismiss citation for contempt because alimony award was in nature of property settlement.

We have held divorce decree provision incorporating property settlement agreement cannot be enforced by contempt proceedings, *Johnson v. Johnson,* Okl., 460 P. 2d 954; *Lemons v. Lemons,* 205 Okl. 485, 238 P.2d 790; *Alexander v. Alexander,* Okl., 526 P.2d 934. Divorce decree provision for alimony for support may be enforced by contempt proceedings. *Alexander v. Alexander,* supra; *Ex Parte Bighorse,* 178 Okl. 218, 62 P.2d 487.

The decree in present case provides in part:

"The court * * * finds * * * parties have agreed * * * defendant should pay * * * plaintiff * * * $15,000 alimony, payable at the rate of $200 per month, to be paid within 10 years from date * * * regardless of plaintiff's marital status, the first such sum to be paid on the 12th day of January, 1974, and $200 on the 12th day of each month thereafter, until said sum is paid in full."

12 O.S.1971 § 1289(b), provides in part:

"In any divorce decree * * * which provides for periodic alimony payments, the court, at the time of entering the original decree, only, may designate all or a portion of each such payment as support, and all or a portion of such payment as a payment pertaining to a division of property * * *".

This indicates term alimony may refer either to payments for support or to payments pertaining to division of property.

In present case decree does not state payments are for support. Further, the

record indicates payments herein pertained to division of property.

First payment was not due until 2 years after decree was entered. The reason for deferral was that appellant was student when decree was entered. Payments would not have been deferred if they were intended for support.

Further, appellee's petition does not request alimony for support, but alleges:

"Plaintiff * * * states that in lieu of further property settlement the defendant should be required to pay to her a reasonable sum as alimony."

Further, § 1289(b), provides support payments may terminate upon death or remarriage of recipient, while payments pertaining to division of property are irrevocable.

Trial court's notes state appellant agrees to pay "alimony in lieu of property settlement" and court awarded appellee "alimony in lieu of property settlement * * * not conditioned on death or remarriage." This indicates court and parties intended payments to be division of property rather than alimony for support.

Further, at time trial judge found appellant guilty he stated:

"Based on testimony, I find the defendant guilty of contempt insofar * * * as the property settlement is concerned."

We conclude periodic alimony payments pertain to division of property and are not enforceable by contempt proceedings. The judgment of trial court is reversed insofar as it found appellant guilty of contempt for failure to make property settlement payments.

■ Appellant next contends trial court erred in finding he willfully disobeyed court's order by failing to make child support payments.

Appellant contends he made good faith effort to comply with court's order. He then cites cases to effect one is not guilty of contempt where his failure to obey court's order results from inability to comply without fault upon his part. *Garroutte v. Garroutte,* Okl., 455 P.2d 306.

In support of this contention appellant cites evidence he was student at time decree was entered, has since engaged in unsuccessful private law practice, and has unsuccessfully sought salaried position.

We have held burden is upon defendant to prove he was unable to comply with child support order and made honest effort to do so. *Johnson v. Johnson,* Okl., 319 P.2d 1107; *Wells v. Wells,* 46 Okl. 88, 148 P. 723.

At time of trial child support payments were $150 per month and appellant was $825 in arrears.

Appellant's evidence tends to show that, under present circumstances, he is financially incapable of meeting child support payments ordered. However, in considering the record as a whole, including his federal income tax return for 1973 showing his gross income and taxable income, we are unable to say trial court erred in finding this ablebodied lawyer's conduct to be contemptuous.

In *Fowler v. Fowler,* 61 Okl. 280, 161 P. 227, we quoted from *Lester v. Lester,* 63 Ga. 356, 357:

" * * * If it is not reasonably and fairly within his power to comply with the order, he may disobey it, and the court must and will excuse him. But it is not a sufficient excuse to say, 'I cannot raise the money unless I work for it,' nor, 'although I can raise money by my labor, I cannot save that much over and above my expenses, unless I practice a more rigid economy than is agreeable to me.' "

* * * * * *

"It is the common practice of husbands and fathers wherever civilization prevails, to supplement or supply deficient pecuniary means of support for their families with their personal exertions, and to so curtail their own expenses as to leave something for the wife

and minor children. Whatever may be the theoretical difficulties of maintaining a family on the labor of one man, with such casual assistance as his wife and young children can afford, practically all such difficulties are overcome so generally that there is a reasonable presumption of the ability of any able-bodied husband and father to contribute something to the support of his wife and each minor child * * *"

We conclude trial court did not err in finding appellant willfully disobeyed court's order pertaining to payment of child support.

Appellant finally contends trial court erred in refusing to modify child support payments.

█ Modification of child support is within discretion of trial court, and judgment of trial court will not be reversed on appeal unless it is against clear weight of evidence, or erroneous in respect that causes injustice and reflects abuse of discretion. *Smith v. Smith*, Okl., 396 P.2d 1016.

We have examined record and conclude trial court's judgment refusing to modify child support payments is not against clear weight of evidence.

█ Since we have reversed judgment insofar as it found appellant guilty of contempt for failure to make property settlement payments, we conclude justice is better served by reducing jail sentence from three months to six weeks. Appellant to be deemed purged of contempt by bringing child support payments to date.

Affirmed in part; reversed in part.

WILLIAMS, C. J., and DAVISON, IRWIN, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., dissents.

HODGES, Vice Chief Justice (dissenting).

I dissent to that portion of the majority opinion which upholds the trial court's finding that appellant willfully disobeyed court's order pertaining to payment of child support, and that part which denies appellant's motion to modify the divorce decree as to the amount of child support.

The majority support their opinion on two factors: (1) a review of the record as a whole and, (2) on appellant's taxable income based upon his 1973 federal income tax return. In my opinion neither factors shows a contemptuous conduct by the appellant.

Appellant's 1973 federal income tax return should not be considered as a factor in support of a finding of contempt. Appellee's application for contempt citation filed on September 12, 1974, alleges the appellant has failed to make full child support payments since January 1, 1974. Appellant's arrearage in child support payments, which he admits, has occurred since January 1, 1974, in the amount of $825.00. Hence, the pertinent evidence is the income of the appellant during this period of 1974.

The undisputed evidence shows that during this period in 1974, appellant's net income was $369.55, that his only other source of income was $3,000.00 which he borrowed in April, 1974, to open a law office. On this amount of income he paid child support payments in the total amount of $525.00 for the eight-month period.

Appellant has remarried to a woman who is employed as a secretary, and it is apparent that most of their living expenses are paid from her income.

Under this state of facts, I do not find appellant's failure to make full child support payments either willful or contemptuous.