Gloria Ann PIERCE, Appellant,

v.

Gary D. PIERCE, Appellee.

No. 51452.

Supreme Court of Oklahoma.

Nov. 28, 1979.

Carl D. Hughes, Oklahoma City, for appellant.

Robert Leyton Wheeler, Inc. by William S. Sanders, Oklahoma City, for appellee.

HODGES, Justice.

This is a petition for certiorari from the Court of Appeals Division # 1. We are granting certiorari for the limited purpose of correction of the Court of Appeals opinion concerning enforcement of the sale of the homestead of the parties by contempt proceedings.

The appellant, Gloria Ann Pierce, was granted a divorce from the appellee, Gary D. Pierce, on the ground of incompatibility. The wife was awarded the custody of the minor children, and the husband was ordered to pay child support at the rate of $150.00 per month per child, and to pay all reasonable hospital, doctor and dental bills of the children. The wife was granted a support alimony judgment in the amount of $36,300.00, payable at the rate of $300.00 per month, which was terminable upon death or remarriage. The trial court made a division of the jointly acquired property except for the homestead, which was ordered sold, with the proceeds, after payment of all costs of repair and sale, to be used for payment of the debts of the parties. The remaining balance was ordered divided 60% to the wife and 40% to the husband.

The Court of Appeals remanded this cause to the trial court for enforcement of the trial court's order to sell the homestead. Its opinion provided ". . . [A]ll of which the trial court may enforce by contempt proceedings if necessary." It is contended on certiorari that the Court of Appeals decided a question of substance in a way not in accord with the applicable decisions of this Court.[1] We agree.

The portion of the opinion remanding the case to the trial court for enforcement of its order for sale of the homestead through contempt is contrary to the holding in *Hutcheman v. Hutcheman, 557 P.2d 427, 428 (Okl.1976).* In *Hutcheman* this Court held that, although provisions of a decree of divorce concerning alimony for support may be enforced by contempt proceedings, payments in the nature of property settlement may not.

■ We also add to the Court of Appeals' opinion that the trial court may order the property sold in such a manner and method as is reasonable and fair to both parties.

CERTIORARI GRANTED FOR THE LIMITED PURPOSE OF CORRECTING THE PORTION OF THE COURT OF APPEALS' OPINION REGARDING ENFORCEMENT OF SALE OF HOMESTEAD BY CONTEMPT PROCEEDINGS. JUDGMENT OF THE TRIAL COURT AND COURT OF APPEALS OTHERWISE AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, DOOLIN, HARGRAVE, and OPALA, JJ., concurring.

SIMMS, J., dissenting.

---

1. See 12 O.S.Supp.1976, Ch. 15, App. 3, Rule 3.13.