In re Alton Tew **TILLETT, Sr.,** Debtor.

Alton Tew **TILLETT, Sr.,** Plaintiff,

v.

Faye O. **TILLETT,** Defendant.

Bankruptcy No. Bk–82–001148.
Adv. No. 82–0178.

United States Bankruptcy Court,
W. D. Oklahoma.

Sept. 8, 1982.

---

James A. Loomer, Oklahoma City, Okl., for debtor.

Jim Grennan, Oklahoma City, Okl., for defendant, Faye O. Tillett.

## MEMORANDUM ORDER

DAVID KLINE, Bankruptcy Judge.

### STATEMENT

The debtor-plaintiff Alton T. Tillett filed this adversary proceeding against the defendant Faye O. Tillett, his former wife, to determine whether or not an alimony award contained in their prior divorce decree was dischargeable alimony in lieu of property settlement or nondischargeable support alimony. After a full evidential hearing the matter was taken under advisement.

### ISSUE

Where the divorce court awards the former wife alimony in "the sum of $150.00 per week ... and a like sum ... each successive week thereafter until a total of 520 weeks have been so paid" is such or any portion thereof support-alimony or alimony in lieu of a division of property.

### FACTS

A decree of divorce was granted the parties herein on January 28, 1982 by the District Court of Oklahoma County. At such time Mr. and Mrs. Tillett had one minor child, Raychel S. Tillett, age 13.

The court approved a general division of personal property. Additionally, Mrs. Tillett was awarded the home which over and above the first mortgage had an equity of some $8,000.00. The first mortgage payment thereon is some $500.00 per month. Mrs. Tillett was directed to assume the first mortgage and hold the plaintiff Mr. Tillett harmless thereon "with the stipulation that upon sale of subject property by defendant, the sum of FOUR THOUSAND ($4,000.00) DOLLARS be paid to the plaintiff as his share of the equity."

The decree further provided "that the plaintiff shall pay to the defendant for the support of said (minor) child the sum of $100.00 per week" until said child reaches the age of majority or until the further order of the court.

The court further ordered "that as alimony, the plaintiff shall pay to the defendant the sum of $150.00 per week, said sum payable on the 14th day of January, 1982, and a like sum on the Thursday of each successive week thereafter until a total of 520 weeks have been so paid."

At the time of the bankruptcy court hearing herein the plaintiff Mr. Tillett was making approximately $350.00 per week take-home pay.

On June 22, 1982 the debtor-plaintiff filed his voluntary petition in bankruptcy seeking to discharge some $618,000.00 in unsecured debt including some $93,600.00 due the defendant herein and former wife under the divorce court award of January 13, 1982. Additionally, the plaintiff-debtor listed substantial medical liabilities incurred by his former wife plus a contingent claim for $480,000.00 arising out of an automobile accident involving his former wife on June 6, 1981.

On July 1, 1982 the Judge of the District Court entered an order nunc pro tunc mak-

ing a determination that the alimony previously awarded by it was "support alimony" as distinguished from "alimony in lieu of a division of property" and continued the citations for contempt on file herein for non-jury trial on August 17, 1982 or at such later time as the bankruptcy court had ruled on the matters pending before it.

Although the defendant Mrs. Tillett is making some physical improvement she is neither trained nor in a condition physically at this time to obtain and hold substantially gainful employment. Mr. Tillett although gainfully employed, has some health problems in the nature of emphysema.

## LAW

### Pre-Code

Under the Bankruptcy Act to determine whether or not divorce decree provisions dealt with dischargeable division of property or with nondischargeable support-alimony or maintenance, the state law where the divorce decree was entered controlled. *Nitz v. Nitz*, 568 F.2d 148 (CA 10 1977); *In Re Cox*, 543 F.2d 1277 (CA 10 1976); *In Re Cornish*, 529 F.2d 1363 (CA 7 1976); *In Re Nunnally*, 506 F.2d 1024 (CA 5 1975); *In Re Waller*, 494 F.2d 447 (CA 6 1974).

█ Generally, under Oklahoma law the state court judge in entering a divorce decree, and at such time only, can "designate all or a portion of each such payment as support, and all or a portion of such payment as a payment pertaining to a division of property." Where no such specific designation is made at the time, alimony payments which do not terminate on remarriage or death are statutorily treated as a division of property. Where property settlement, as distinguished from maintenance or support alimony, is involved the debt has been consistently held dischargeable in bankruptcy. *Goggans v. Osborn*, 237 F.2d 186 (CA 9 1956); *Caldwell v. Armstrong*, 342 F.2d 485, 488, fn. 5 (CA 10 1965); *In Re Cox*, 543 F.2d 1277 (CA 10 1976).

The support-alimony exception to the general rule of debt discharge " ... is adopted on account of public policy to en-force the obligations for the maintenance and support of the wife or children upon the husband or parents so as to relieve society of those burdens." *Fernandes v. Pitta*, 47 Cal.App.2d 248, 117 P.2d 728, 730 (1941). Read *Treece v. Treece*, 458 P.2d 633 (1969); *Battles v. Battles*, 205 Okl. 587, 239 P.2d 794 (1952); and *Poolman v. Poolman*, 289 F.2d 332, 333 (CA 8 1961).

12 Okl.Stat. (1981) § 1289(b) provides:

"b. In any divorce decree entered after December 31, 1967, which provides for periodic alimony payments, the court, at the time of entering the original decree, only, may designate all or a portion of each such payment as support, and all or a portion of such payments as a payment pertaining to a division of property. Upon the death of the recipient, the payments for support, if not already accrued, shall terminate, but the payments pertaining to a division of property shall continue until completed; and the decree shall so specify. The payments pertaining to a division of property shall be irrevocable ... "

In *Shea v. Shea*, 537 P.2d 417, 418–419 (1975) the Oklahoma Supreme Court in considering whether a divorce decree's provision of monthly installment payments of an awarded lump sum would terminate upon remarriage, stated:

"We conclude (the) intent of § 1289(b) is that at the time original decree is entered, (the) trial court has (the) discretion to designate all or a part, of any periodic payments as being for support.

There is nothing in the statute which indicates that periodic payments which are not designated for support shall terminate upon death or remarriage of the recipient.

Furthermore, the statute provides *the trial court may designate such payments as being for support only at the time the original decree is entered.* (emphasis added)

  ... "

The Tenth Circuit Court of Appeals expanded upon the reasoning of *Shea v. Shea*,

supra, in *In Re Cox*, supra, and ruled that under Oklahoma law a lump sum alimony judgment payable in monthly installments was in the nature of a division of property and dischargeable in bankruptcy.

### State Court Contempt

In *Huchteman v. Huchteman*, 557 P.2d 427, 428 (1976), the Oklahoma Supreme Court noted:

"We have held divorce decree provision incorporating property settlement agreement cannot be enforced by contempt proceedings. *Johnson v. Johnson*, Okl., 460 P.2d 954; *Lemons v. Lemons*, 205 Okl. 485, 238 P.2d 790; *Alexander v. Alexander*, Okl. 526 P.2d 934. Divorce decree provision for alimony for support may be enforced by contempt proceedings. *Alexander v. Alexander*, supra; *Ex Parte Bighorse*, 178 Okl. 218, 62 P.2d 487."

### Code Law

Code § 523 provides in part:

"(a) A discharge under § 727 ... does not discharge an individual debtor from any debt—... (5) *to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child*, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—... (B) such debt includes a liability designated as alimony, maintenance, or support, *unless such liability is actually in the nature of alimony, maintenance, or support* ..." (emphases added)

### Property Division

Under the former Act "obligations created by property settlements or division of property of the parties to a divorce action ... are dischargeable in bankruptcy, (citing authorities)." *In Re Cox*, 2 BCD 1278, 1279 (CA 10 1976); *In Re McCage*, 2 BCD 1438 (WD Okl.1976). Read *Nitz v. Nitz*, 3 BCD 1198 (CA 10 1977). The successor Code section leaves this principle unchanged except for making such determination a matter of federal rather than local law. See *In*

*Re Bell*, 5 B.R. 653, 6 BCD 833, B.R. 653 (Bkrtcy.W.D.Okl.1980); *In Re Pelikant*, 5 B.R. 404, 6 BCD 758 (Bkrtcy. ND Ill. 1980); *In Re Warner*, 5 B.R. 434, 6 BCD 788 (Bkrtcy. D Utah 1980); *In Re Carrigg*, 14 B.R. 658, 8 BCD 330 (Bkrtcy. D SC 1981).

Sensibly, the bankruptcy court's determination can but be flavored by state law development in judging whether "liability is actually in the nature of alimony, maintenance or support" since all such domestic relations law is of state court origin. *In Re Pelikant*, supra; *In Re Warner*, supra.

Specifically, a prior state court determination of nondischargeability is not res judicata in the bankruptcy court. *In Re Williams*, 3 B.R. 401, 6 BCD 341 (Bkrtcy. ND Ga. 1980). *Contra, In Re Peterman*, 5 B.R. 687, 6 BCD 851 (Bkrtcy. ED Pa. 1980). And under the new Code, the bankruptcy court as a trial court may go into "present need" [*In Re Harrell*, 13 B.R. 302, 7 BCD 1408 (Bkrtcy. ND Ga. 1981); *In Re Fox*, 5 B.R. 317, 6 BCD 709 (Bkrtcy. ND Tex. 1980)] and consider all other relevant factors at the time of bankruptcy [*In Re Fox*, supra; *In Re Warner*, 5 B.R. 434, 6 BCD 788 (Bkrtcy. D Utah 1980). The Code, as under the former Act, emphasizes that an indebtedness cannot be transformed into nondischargeable "alimony" merely by entitling it such but must be "actually in the nature of alimony, maintenance or support." Cf. *In Re Cox*, 543 F.2d 1277 (CA 10 1976); *In Re McCage*, supra.

### CONCLUSION

The divorce decree herein calls for $100.00 weekly (some $433.33 monthly) for the 13 year old minor in Mrs. Tillett's custody. This is generous support but doubtless was awarded in an effort to enable Mrs. Tillett to keep her present home at least through her daughter's minority. Under Oklahoma divorce law the court is authorized to "make provision for guardianship, custody, support and education of the minor children ..." 12 Okl.Stat.Suppl. (1980) § 1277. And the court may set support to be paid by the non-custodial parent, "(I)f

the support and education which the parent having custody is able to give are inadequate ..." 10 Okl.Stat.Suppl. (1980) § 4.

This court might well find the entire award to Mrs. Tillett to be dischargeable inasmuch as the divorce decree was for a sum certain and had no provision terminating payments in the event of the remarriage or death of Mrs. Tillett. However, under present need Mrs. Tillett requires some support, even though she has two adult children living at home capable of working and helping. Mr. Tillett who is not well himself, cannot be saddled with an unconscionable financial burden but he must be looked to for some support and as to Mrs. Tillett. Accordingly, it is hereby ORDERED and ADJUDGED (that in addition to the support already ordered for the plaintiff's minor daughter) that: (1) the plaintiff Mr. Tillett pay to the defendant Mrs. Tillett $75.00 per week beginning Thursday, September 9, 1982, and each Thursday thereafter, until the minor daughter reaches majority, or until the remarriage or death of Mrs. Tillett. (2) Such support is nondischargeable. (3) All remaining amount previously awarded in the divorce decree to Mrs. Tillett is dischargeable.