**Pamela NORRIS, Appellee,**

v.

**Robert M. NORRIS, Appellant.**

**No. 57466.**

Supreme Court of Oklahoma.

Nov. 27, 1984.

Paul F. McTighe, Jr. by Michele Lynn Piller, Legal Intern, Tulsa, for appellee.

Robert W. Booth & Associates by Frank R. Hickman, Tulsa, for appellant.

LAVENDER, Justice:

The parties in this case, appellee Pamela Norris and appellant Robert M. Norris, were divorced by decree of the trial court entered October 10, 1979. Both parties had agreed to the terms of the divorce decree prior to its approval by the trial court. That portion of the decree giving rise to the present controversy provided:

"IT IS FURTHER ORDERED, AD-JUDGED AND DECREED BY THE Court that plaintiff [appellee] be, and she is hereby, ordered and directed to pay

that certain indebtedness owed to Mast-ercharge, holding defendant [appellant] free and harmless from the payment thereof."

On June 23, 1981, appellant filed an application for contempt citation alleging that appellee had willfully failed to pay this indebtedness, and that, as a result, appellant and appellee were being sued jointly on the debt. The trial court issued a citation ordering appellee to appear and show cause why she should not be adjudged in contempt of court.

The cause came on for hearing before the court on August 26, 1981. At that time the court found that it did not have the power to hold appellee in contempt and denied the relief sought by appellant.

It is from this order refusing to hold appellee in contempt that appellant has perfected his present appeal.

While not appearing as an established fact in the record before the trial court, both parties, in their appellate briefs, state that appellee has now taken bankruptcy and discharged the Mastercharge debt.

On appeal, both parties state that the trial court relied on the case of *Potter v. Wilson.*[1] Appellant now asks us to hold that the trial court's reliance was error, or, in the alternative, to overrule *Potter* and remand this case to the trial court to allow a finding of contempt to be entered. We decline to do either.

In *Potter* this Court asked the following question:

"When by the terms of the divorce decree title to a jointly-owned enterprise is set apart to one spouse [Wife] who is adjudged to assume the outstanding indebtedness of the business so awarded her and to hold the other spouse [Husband] harmless from that class of jointly-incurred obligations, will contempt lie against the assuming spouse in default to enforce her liability for the court-ordered indemnity? ..."[2]

1. 609 P.2d 1278 (Okla.1980).

2. 609 P.2d at 1279.

This Court answered that question in the negative. We now decline to overrule that decision as it was grounded in a line of Oklahoma decisions consistently ruling that divorce decree provisions in the nature of property division may not be enforced by contempt proceedings.[3]

■ As the provision of the divorce decree at issue was clearly a matter of property division, it was not error for the trial court to find that the provision could not be enforced through contempt proceedings.

Following the trial court's ruling in this case the Oklahoma Legislature enacted 12 O.S.Supp.1982, § 1276.2,[4] which provides that an order entered by the court as part of a division of property may be enforced by contempt proceedings. This act became effective October 1, 1982. However, any attempt to apply this act to the present case would run afoul of the same rules of law which would prevent our retroactive application in this case of a decision overruling *Potter v. Wilson.*

■ In the case of *Phillips v. H.A. Marr Grocery Co.,*[5] this Court stated, in the third syllabus by the Court, the general rule concerning the retrospective application of legislation:

"While the general rule that statutes are construed as prospective only applies to remedial statutes, remedial or procedural statutes which do not create, enlarge, diminish, or destroy vested or contractual rights but relate only to remedies or modes of procedure are generally held to operate retrospectively and to apply to pending actions or proceedings, unless such operation or application would adversely affect substantive rights."

Thus, even if the legislation allowing property division awards to be enforced by contempt action is viewed as relating only to a remedy for enforcement of an order of the court, this legislation may not be given effect in this case if it would adversely affect appellee's substantive rights.

■ Similarly, in the case of *Ellsworth v. Brown,*[6] this Court made the following statement in its syllabus concerning the retroactive application of an opinion changing the authority relied upon by the trial court:

"Where this Court promulgates an opinion which changes the trial court's authority, with reference to its discretion in personal injury actions to order plaintiff to submit to a physical examination, this Court will apply the rule announced in such opinion to a cause of action tried prior to its promulgation, if by applying such rule there would not be an unjustifiable entrapment of plaintiff or the substantial rights of the plaintiff are not materially affected."

Putting this statement in the converse, where a party's substantial rights would be materially affected by a change in the authority relied upon by the trial court, that change may not be given retrospective effect.

In the present case, as the law stood at the time the divorce decree was entered and at the time the trial court ruled on appellant's application for contempt proceedings, appellee was free to seek discharge of a decree-imposed debt obligation in the nature of a property rights adjustment through bankruptcy.[7] Whether having discharged the debt through bankruptcy,[8] or merely having defaulted on the obligation,[9] appellee's obligation under the decree would not then have been enforceable

---

3. *Pierce v. Pierce,* 609 P.2d 732 (Okla.1979); *Huchteman v. Huchteman,* 557 P.2d 427 (Okla. 1976); *Lemons v. Lemons,* 205 Okla. 485, 238 P.2d 790 (1951).

4. We express no opinion as to the constitutionality of 12 O.S.Supp.1982, § 1276.2.

5. 295 P.2d 765 (Okla.1956).

6. 387 P.2d 634 (Okla.1963).

7. *Davis v. Davis,* 593 P.2d 88 (Okla.1979) [decree imposed obligation to pay jointly incurred debt discharged in bankruptcy.]

8. Id.

9. *Potter v. Wilson,* supra, note 1; *Huchteman v. Huchteman,* supra, note 2.

by contempt proceedings. To hold now, retrospectively, that appellee's default subjected her to contempt proceedings would clearly have a substantial adverse affect on appellee's rights as they existed at the time this action was brought. As previously discussed, such a result is prohibited.

The order of the trial court refusing to hold appellee in contempt is affirmed.

BARNES, C.J., and OPALA, WILSON and KAUGER, JJ., concur.

SIMMS, V.C.J., and HODGES and HARGRAVE, JJ., concur in result.