McALLUM v. McALLUM et al.

No. 33263.   June 1, 1948.

*194 P. 2d 863.*

Chas. S. Carl, of Wewoka, for petitioner.

W. A. Bishop, of Seminole, for respondents.

LUTTRELL, J. This is an original petition for a writ of habeas corpus filed in this court by defendant W. L. McAllum, alleging that he is unlawfully imprisoned in the county jail of Seminole county, by the sheriff of said county; said imprisonment being for indirect contempt of an order and judgment of the superior court of Seminole county, directing him to pay money for the support of his seven minor children.

Petitioner alleges that the imprisonment and restraint of which he complains is illegal and unauthorized in that no citation was issued or served on him to appear before the superior court on June 7, 1946, and that the purported judgment of the superior court adjudging him guilty of contempt is void for that reason. He further alleges that he was not present at the hearing of June 7, 1946, and was not advised of the judgment until he was arrested by the sheriff on June 24, 1946, upon a commitment issued on that date.

Upon the filing of the petition and response thereto by the sheriff and the wife of petitioner, we issued the writ and petitioner was released on bond pending a hearing. A hearing was had at which the petitioner appeared in person and by attorney, and depositions of the attorney who represented him on June 7, 1946, and of the judge of the superior court of Seminole county, have been submitted. The evidence convinces us that petitioner was present in the superior court of Seminole county on June 7, 1946, both personally and by his attorney; that his attorney waived trial by jury and stipulated and agreed that the citations issued for the month of March, April, and May, 1946, should be consolidated with the last citation and considered together, and that the evidence taken in the trial had on the previous citations should be considered as the evidence at the hearing. By this personal appearance and stipulation petitioner waived any irregularity which he now charges existed in the application for citation upon which the citation of June 7, 1946, was issued, or the service of the citation, and submitted himself to the jurisdiction of the court. It is a settled rule that if the trial court had jurisdiction of the subject matter and of the parties, and authority to render the judgment complained of, petitioner is not entitled to the writ. Ex parte Plaistridge, 68 Okla. 256, 173 P. 646; Ex parte Bighorse, 178 Okla. 218, 62 P. 2d 487. The objection that the commitment was void for the reasons stated in the original petition filed herein is without substantial merit.

It appears that petitioner and his wife were divorced on February 23, 1945, and that in the decree of divorce he was required to pay a certain sum monthly for the support of his children; that petitioner's former wife, on August 14, 1945, obtained an order from the superior court permitting her to take the seven children to Mineral Wells, Tex., in order that she might obtain work and be better able to support them; that since the children were so removed to the State of Texas petitioner has consistently refused to pay any money for child support, although he testified that he had sent considerable money direct to the children. It appears from the evidence that for a considerable part of that time he was able to contribute to their support. It is evident that his failure to comply

with the orders of the court to support these children is not due to his inability to do so, but is due rather to his disinclination to provide for them unless they are returned to this state, and that his release from custody would not be conducive to their future support unless his wishes in the matter are complied with. It appears that he has twice been convicted by juries in his county for indirect contempt for failure to comply with orders to pay for the support of the children, and that numerous citations have been issued against him. It is, therefore, clear that the imprisonment of which he complains is the result, not of his inability, but of his unwillingness, to pay for the support of the children.

By 21 O. S. 1941 §566, the punishment for contempt is left to the discretion of the trial court. From the record in this case it appears that the trial court, although at one time permitting petitioner to be released from confinement for some 70 days to enable him to find work whereby he could contribute to the support of his children, has met with a stubborn refusal on the part of petitioner to make any real effort to do so, and that the position in which petitioner finds himself is due largely, if not solely, to his own fault.

Writ discharged, and petitioner remanded to the custody of the sheriff of Seminole county.

HURST, C. J., DAVISON, V. C. J., and WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.