**Nancy Jackson DAVIS, Appellee,**

v.

**Henry T. DAVIS, Appellant.**

**No. 65392.**

Court of Appeals of Oklahoma, Division No. 3.

June 2, 1987.

As Corrected June 8, 1987.

Richard E. Elsea, Tulsa, for appellant.

Richard B. Talley, Talley, Perrine, Smith & Ferrar, Norman, for appellee.

BAILEY, Judge:

This case comes on for review of the Trial Court's determination of Appellant's guilt on a citation of contempt for failure to obey child support obligations created by decree of divorce. Appellee wife cited Appellant husband for contempt when husband fell seriously in arrears in his ordered child support payments. At trial before the bench on the contempt citation, the arrearage was shown to amount to approximately $5,000.00. Husband attempted to excuse his failure to pay child support by showing his ineptitude in managing his own financial affairs. The Trial Court found that Appellant had violated the terms of the divorce decree in reference to the child support obligation "plain and simple," and found Appellant guilty of con-

tempt, sentencing him to ninety (90) days in county jail. The Trial Court also reduced the arrearage to judgment in the sum of five thousand one hundred and six dollars ($5,106.00). From these judgments and sentence, Appellant seeks review.

In his first two propositions of error, Appellant asserts that his adjudication of guilt on the contempt citation must not stand, as Appellant was not shown to have "willfully" disobeyed the court's order with regard to non-payment of support by "clear and convincing" proof. A party may be adjudged guilty of indirect contempt where it is shown that the contemner "willfully" disobeyed an "order lawfully issued or made by [the] court." 21 O.S. 1981 § 565. The proof of the disobedience must be clear and convincing. *Hadley v. Hadley*, 129 Okl. 219, 280 P. 1097 (1928); *Whillock v. Whillock*, 550 P.2d 558 (Okl. 1976). In defense, it may be shown that the contemner was unable to comply with the court's order and that an honest effort was made to comply, which showing will excuse non-compliance. *Huchteman v. Huchteman*, 557 P.2d 427 (Okl.1976); *Johnson v. Johnson*, 319 P.2d 1107 (Okl. 1957). Stated another way, if non-compliance with the court's order is through no fault of the contemner, then non-compliance with the orders of the court is excused. *Garroutte v. Garroutte*, 455 P.2d 306 (Okl.1969).

Under these authorities and the facts adduced at trial on the contempt charge, there is no doubt that Appellant's disobedience of the court's orders relative to child support was "willful" within the meaning of 21 O.S. § 565. "Willful" is defined as something done "with the specific intent to fail to do something the law requires to be done." Black's Law Dictionary (5th Ed., 1979). In the case at bar, Appellant admitted he knew that he was under court order to pay his ex-spouse support. Further, it was shown that Appellant had, during the period in which he made reduced or no support payments, acquired a new residence, new furniture and a new car. These acts of Appellant evince a clear and willfull disregard for the court's orders. That Appellant would assert his apparent inability to deal with his own fi-

nances as grounds for non-compliance is clearly spurious, and Appellant's ineptitude in dealing with his checking account will not excuse his willful failure to comply with his child support obligations.

Appellant also raises the error of the Trial Court in sentencing him to serve ninety (90) days in jail for his failure to comply with the lawful orders of the court as excessive and contrary to law. Initially, we recognize that the power to punish for contempt is largely within the discretion of the court. 17 C.J.S., Contempt, § 57; *McAllum v. McAllum*, 200 Okl. 356, 194 P.2d 863 (1948). In divorce actions, the purpose underlying citations for contempt and confinement therefor for violations of the support obligations contained in divorce decrees is mainly coercive, not punitive. *Johnson, supra.* In that regard, it has been said that one confined for contempt holds the "keys" to his own freedom by performing the act ordered. *Johnson, supra*; *Wells v. Wells*, 46 Okl. 88, 148 P. 723 (1915). Further, and while we believe the punishment assessed was well within the prescribed limits of 21 O.S. 566, and there has been shown no abuse of discretion by the court in the imposition of this sentence, we believe that the order of confinement should have been couched in terms that would allow Appellant to purge himself of the contempt by payment of the arrearage. *Huchteman, supra*; *Johnson, supra*; *Wells, supra.* For these reasons, we hold that the Trial Court's order of confinement for ninety (90) days should be modified so that, in the event Appellant purges himself of the contempt by payment of all arrearages, Appellant should be discharged from the jail sentence. *Tisdell v. Tisdell*, 363 P.2d 277 (Okl.1961). In the event Appellant fails to so purge himself of the contempt, he should serve the entire sentence.

The orders of the Trial Court are therefore AFFIRMED AS MODIFIED.

HANSEN, P.J., and HUNTER, J., concur.