**Katherine Jean RANSOM, Appellee,**

v.

**Gary Leigh RANSOM, Appellant.**

**No. 79999.**

Court of Appeals of Oklahoma, Division No. 3.

Sept. 28, 1993.

Jon L. Hester, Oklahoma City, for appellant.

Raymond L. Vaughn, Jr., Edmond, for appellee.

## OPINION

BAILEY, Judge:

Gary Leigh Ransom (Husband) seeks review of the Trial Court's order modifying the parties' divorce decree, thereby increas-

ing support alimony to Katherine Jean Ransom (Wife), and awarding Wife attorney fees. In this appeal, Husband contends (1) the "alimony" at issue constituted alimony in lieu of property division not subject to modification, (2) even if modifiable, the Trial Court lacked jurisdiction to modify and extend Husband's alimony obligation beyond the original term of payment, and (3) the Trial Court abused its discretion in awarding attorney fees to Wife.

The parties divorced in 1990 after a sixteen year marriage. The decree directed Husband to pay Wife $10,800.00, designated "support alimony," payable at the rate of $200.00 per month for the first twelve months and $700.00 per month for an additional twelve months.

In February 1992, Wife filed the instant motion to modify, requesting an increase in support alimony.[1] After hearing, the Trial Court granted Wife modification, ordering Husband to pay Wife $700.00 per month for an additional twenty-four months. Thereafter, Wife applied for an award of attorney fees, which the Trial Court granted. Husband appeals.

■ Husband first asserts the "support alimony" provision in the original decree of divorce constituted "a measure taken by the parties in a consent decree to equalize the division of property" and, as such, not subject to modification.[2] In support thereof, Husband presents his version of the "facts," describing the parties' situation at the time of divorce, but wholly fails to show, by evidence in the record, any intent of the Trial Court, in granting the divorce decree, to effect a division of property by designating the subject award "support ali-

mony." Finding Husband's argument without support in the record, we presume the Trial Court's award to Wife of "support alimony" was, in fact, an award of support alimony subject to modification.[3]

■ Alternatively, Husband argues the Trial Court's jurisdiction extended only to modification of installments accruing subsequent to the motion for modification of support alimony, citing 43 O.S. 1991 § 134(E).[4] That section provides:

Except as otherwise provided in subsection D of this section, the provisions of any divorce decree pertaining to the payment of alimony as support may be modified upon proof of changed circumstances relating to the need for support or ability to support which are substantial and continuing so as to make the terms of the decree unreasonable to either party. *Only those installments accruing subsequent to the motion for modification may be modified.*[5]

Husband asserts that at the time of hearing on Wife's motion to modify, only one installment remained outstanding, and thus, § 134 prohibited the Trial Court from ordering additional installments to be paid.

We disagree. That is, we hold § 134(E) allows modification of spousal support obligations on a showing of changed circumstances, but only proscribes retroactive modification of installments already paid. Under Husband's statutory analysis, the Trial Court had the authority to order one large installment but was without jurisdiction to order that sum payable in additional installments. Such a reading leads to an absurd result, violating this Court's mandate to adopt a construction which is the

1. Wife also requested increase in child support and a reallocation of tax deductions. Husband moved to modify custody of one or both of the parties' children. The parties resolved these issues by agreement before the lower court.

2. *See,* 43 O.S. 1991 § 134(A).

3. *See, Chamberlin v. Chamberlin,* 720 P.2d 721, 723–724 (Okl.1986); *Eckel v. Adair,* 698 P.2d 921, 925 (Okl.1984).

4. We here note the Trial Court awarded Wife approximately one-half the support alimony requested in her motion to modify, with which amount Husband does not take issue. Nor does Husband challenge the Trial Court's determination of Wife's entitlement to modification of alimony pursuant to the requirements of 43 O.S. 1991 § 134(E).

5. 43 O.S. 1991 § 134(E) (emphasis added).

most reasonable.[6] We therefore reject this assignment of error.

■ Finally, Husband challenges the Trial Court's award of attorney fees to Wife.[7] In support thereof, Husband argues because the Trial Court had no authority to modify the "support alimony" provision of the divorce decree, it abused its discretion in awarding Wife attorney fees upon modification thereof. Having herein found no error in the Trial Court's modification of support alimony, we find no error in the Trial. Court's consideration of Wife's application for attorney fees. An award of attorney fees in divorce actions constitutes a matter addressed to the discretion of the Trial Court whose rulings thereon will not be disturbed in the absence of abuse of that discretion.[8] Finding no evidence of such abuse of discretion, we hold the Trial Court did not err in awarding Wife attorney fees.

The orders of the Trial Court granting Wife's motion to modify and application for attorney fees are therefore AFFIRMED.

HUNTER, P.J., concurs;

GARRETT, Judge, dissents:

I agree with Husband that 43 O.S. 1991 § 134(E) means what it says; "Only those installments accruing subsequent to the motion for modification may be modified." I would hold that additional payments cannot be added.

---

**6.** *LeFlore v. Reflections of Tulsa, Inc.,* 708 P.2d 1068 (Okl.1985).

**7.** Wife was awarded approximately one-third of the attorney fees and costs requested.

**8.** *Kissinger v. Kissinger,* 692 P.2d 71 (Okl.App. 1984); *Hester v. Hester,* 663 P.2d 727 (Okl.1983); *Phillips v. Phillips,* 556 P.2d 607 (Okl.1976).