**Allen L. McCOY, Appellant,**

v.

**Loretta J. McCOY, Appellee.**

**No. 83134.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 28, 1995.

(Okl.1994).

Anita F. Sanders, Oklahoma City, for appellant.

David A. Walker, Oklahoma City, for appellee.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

This appeal involves the construction of 43 O.S.1992 Supp. § 134(D) as it applies to the right to modify support alimony. The statute provides that ... "such modification shall only have prospective application." The issue presented is a narrow one: Does "prospective application" mean support alimony is only modifiable from the date of the order of modification, or is it modifiable from the date of the motion to modify?

The parties were divorced in 1988 with Appellant/husband being ordered to pay Appellee/Wife $125,000.00 support alimony. It was to be paid out at a rate of $1,300.00 per month from June, 1988—November, 1988, then $2,000.00 for the next 58 months.

On December 1, 1992, Husband filed a motion to modify the support alimony on the basis of substantial and continuing changed conditions, i.e. poor health and unexpected unemployment. At the time of the filing of the motion, Husband was current on his support alimony. While the motion was pending, however, he did not make any alimony payments. It appears the motion was first set for hearing (but not heard) on January 4, 1993, and reset several times thereafter over the next several months. In any event, the hearing was finally held on October 14, 1993.

Two days earlier, on October 12, 1993, Wife filed a motion to dismiss Husband's motion to modify. She argued that because the remainder of Husband's support alimony payments had by then accrued, the court was without authority to modify them. In other words, because 43 O.S.1992 Supp. § 134(D) only allows prospective modification, the trial court could only modify those payment obligations which have not yet accrued. The trial court agreed.

On appeal, Husband argues that the "prospective application" required by § 134(D) for modification of support alimony is from the date of the filing of the motion to modify. Wife argues that prospective application is from the date of the court's order of modification. This appears to be a case of first impression regarding this issue.

This statutory language requiring "prospective application" was added by amendment, effective September 1, 1992, prior to the filing of the motion to modify.[1] The previous version[2] contained the following

---

1. Title 43 O.S.1992 Supp. § 134(D) provides:

"Except as otherwise provided in subsection C of this section, the provisions of any divorce decree pertaining to the payment of alimony as support may be modified upon proof of changed circumstances relating to the need for support or ability to support which are substantial and continuing so as to make the terms of the decree unreasonable to either party. Modification by the court of any divorce decree pertaining to the payment of alimony as support, pursuant to the provisions of this subsection, may extend to the terms of the payments and to the total amount awarded; provided however, such modification shall only have prospective application." (Underlined language was added by 1992 amendment.)

2. Title 43 O.S.1991 § 134(E) provides:

"Except as otherwise provided in subsection D of this section, the provisions of any divorce decree pertaining to the payment of alimony as

sentence which was deleted and replaced by the 1992 amendment:

> "Only those installment accruing subsequent to the motion for modification may be modified."

The 1991 version of the statute quite clearly allowed, as husband here desires, modification of payments which accrued after the filing of the motion but prior to the order of modification. Payments which had accrued prior to the filing of the motion could clearly not be modified. Although that very clear statutory language was deleted by the 1992 amendment, Husband would have us construe the amended § 134 as if there had been no change. This we decline to do.

 Although it is not clear from the present wording of the statute whether "prospective application" was intended to be from the date of the motion or date of the order, the fact that the statute phraseology was changed raises the presumption that a change of meaning was intended. *Irwin v. Irwin,* 433 P.2d 931, 934 (Okla.1965). Furthermore, "[w]here the former statute was clear or its meaning had been judicially settled, the amendment may reasonably indicate

legislative intent to alter the law. *Tom P. McDermott, Inc. v. Bennett,* 395 P.2d 566, 570 (Okla.1964). *County Board of Equalization, Pittsburg County v. Muskogee Ind. Fin. Corp.,* 357 P.2d 224, 227 (Okla.1960); *Darby v. Oklahoma Tax Commission,* 201 Okl. 159, 202 P.2d 978 (1949)." *Irwin,* 433 P.2d at 934.

To ascribe to the current version of the statute that meaning as expressed by the deleted language would do violence to these long standing rules of statutory construction. For this reason we do not believe the trial court erred and the decision below is accordingly

AFFIRMED.

JOPLIN, J., concurs.

HANSEN, P.J., dissents.

---

support may be modified upon proof of changed circumstances relating to the need for support or ability to support which are substantial and continuing so as to make the terms of the decree unreasonable to either party.

Only those installments accruing subsequent to the motion for modification may be modified." (Underlined language was deleted by 1992 amendment.)