1999 OK CIV APP 7

Charlene F. THIELENHAUS,
Plaintiff/Appellant,

v.

Eugene F. THIELENHAUS,
Defendant/Appellee.

No. 90870.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Oct. 22, 1998.

Certiorari Denied Jan. 25, 1999.

Richard D. Marrs, Tulsa, Oklahoma, For Appellee,

Charlene Thielenhause, Tulsa, Oklahoma, Appellant, Pro Se.

## OPINION

CARL B. JONES, Vice–Chief Judge:

¶ 1 The Appellant, Charlene Thielenhause, appeals the denial of her motion to modify support alimony filed on January 17, 1997, after a final decree of divorce dated April 14, 1992. In this divorce decree Appellant was awarded fifteen thousand dollars ($15,-000.00) support alimony, payable over a period of fifteen months. Appellant appealed that decree of divorce, contesting, among other issues, the correctness of the amount of support alimony. The Court of Appeals, Division III, issued an opinion affirming the alimony decree. That appeal was brought on a writ of certiorari to the Supreme Court of Oklahoma, on that and other grounds, in *Thielenhaus v. Thielenhause,* 1995 OK 5, 890 P.2d 925. That court did not disturb the lower appellate court's affirmance of the trial court's award of alimony. During the pendency of the appeal the husband paid the entire alimony award.

¶ 2 The motion to modify alleged the statutory grounds of a substantial and continuing change of condition in her need for support and Appellee's ability to pay support alimony since the original decree was entered. T. 43 O.S. Supp.1992 § 134 D reads:

Except as otherwise provided in subsection C of this section, the provisions of any divorce decree pertaining to the payment of alimony as support may be modified upon proof of changed circumstances relating to the need for support or ability to support which are substantial and continuing so as to make the terms of the decree unreasonable to either party. Modification by the court of any divorce decree pertaining to the payment of alimony as support, pursuant to the provisions of this subsection, may extend to the terms of the payments and to the total amount awarded;

provided however, such modification shall only have prospective application.

¶ 3 Appellant alleged she was denied the social security benefits which were contemplated at the time of the trial. Additionally, she alleged that Appellee had received a lump sum distribution from his pension fund and would receive twelve hundred dollars ($1,200.00) a month in social security benefits. The Appellee resisted the modification in a motion to dismiss which was ultimately granted. The ground asserted in this motion to dismiss was the full and complete payment of the support alimony judgment some four and one half years before. Appellee argued that since the award had been paid in full, there were no unaccrued alimony payments to modify; thus, the motion to modify was legally ineffective to provide a basis for the prayed for relief. The trial court granted the motion to dismiss.

¶ 4 On appeal, the Appellant argues one proposition of error, and that is the trial court erred as a matter of law when it ruled that the court was without jurisdiction to modify this support alimony decree. The trial judge's order does not, however, state there is a lack of jurisdiction to modify, only that the modification motion is dismissed. Both parties agree that the ground for the dismissal was, in fact, that the award had been fully paid some time before the motion to modify was filed, and that, under 43 O.S. Supp.1992 § 134 D, and the authority of *McCoy v. McCoy,* 1995 OK CIV APP 38, 892 P.2d 680, the court was without the statutory authority to modify this decree's alimony award when there were no payments due and outstanding. Jurisdiction is not wanting but merely exceeded when judicial authority is exercised erroneously. Neither legal error, nor an excessive exercise of cognizance, operates to render a judicial act facially void and vulnerable to collateral attack. *Mayhue v. Mayhue,* 1995 OK 61, 706 P.2d 890; *Woodrow v. Ewing,* 1953 OK 60, 263 P.2d 167.

¶ 5 In *McCoy,* this Court stated that the operative time for modification was the date of the order modifying, rejecting the contention that the court did not have the statutory authority to modify such an order as of the

time of the filing of the motion (prior to the actual order). In other words, when the prayer is to reduce alimony, and no alimony is due and owing at the time the court rules on the motion to modify, no reduction can be made. Conversely, when the motion being considered is to increase alimony, the same time frame is operative, and the court can modify only installments still due and owing. This cause is much the same as *McCoy*, except that the requested relief is an increase in alimony payments. This case clearly stands for the proposition that only unpaid installments are subject to modification. Under the prior statute, 43 O.S.1991 § 134 D, the "only those payments accruing subsequent" phrase of the statute was said to prevent only modification of past support and not to prohibit extension of support beyond the date which the last installment is still to be paid. *Ransom v. Ransom*, 1993 OK CIV APP 57, 862 P.2d 89. In our view, this authority does not extend so far as to allow the resurrection of a satisfied alimony judgment.

¶ 6 Appellant reasons that the trial court ignored the mandatory language of 43 O.S. Supp.1992 § 134 F which states:

> The provisions of subsections C and D of this section shall have retrospective and prospective application with regards to modifications of the provisions of a final judgment or order for alimony as support, or of a divorce decree pertaining to the payment of alimony as support, regardless of the date that the order, judgment, or decree was entered.

¶ 7 It is contended the above statutory provision allows retrospective and prospective application to a final judgment regardless of its current status. This court holds otherwise. The provision F of § 134, relied upon by the Appellant, clearly refers to the court's authority to influence a judgment whether it is entered before or after the enactment of that statute. Consequently, Section D of 43 O.S. § 134, allows any decree to be modified, (whether made before or after this statute) and the authority to do so, "extends to the terms of the payments·and to the total amount awarded" but the authorization relates to future payments only. The statute clearly states as much.[1] This is illustrated by the assumption made in *Stork v. Stork*, 1995 OK 61, 898 P.2d 732, by both the parties in framing the issues, and the court in discussing the case.

¶ 8 It follows then, that the order dismissing the motion to modify is correct as a matter of law and must, therefore, be affirmed.

¶ 9 AFFIRMED.

JOPLIN, P.J., and GARRETT, J., concur.

---

1. The pertinent sentence of the statute, stripped of items not relevant here, reads: "Modification by the court ... of alimony as support ... shall only have prospective application."