1998 OK CIV APP 188

**Leonard Duane EPPERSON, Plaintiff/Appellant/Counter–Appellee,**

v.

**Linda Joyce EPPERSON, Defendant/Appellee/Counter–Appellant.**

**No. 89,914.**

. Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 20, 1998.

---

Jack L. Shears, Shears & Shears, Ponca City, for Appellant.

William J. Baker, Debra Welch, Hert & Baker, P.C., Stillwater, for Appellees.

LARRY E. JOPLIN, J.

¶ 1 Leonard Duane Epperson (Husband) seeks review of the trial court's order granting Husband's motion to modify, by which the trial court reduced Husband's monthly support alimony obligation to Linda Joyce Epperson (Wife) but left Husband's total support obligation unchanged. Wife counter-appeals, asserting the trial court erred in finding a substantial change in circumstance justifying modification. We find no reversible error, however, and hold the order of the trial court should be affirmed.

¶ 2 The parties married 1965 and divorced in May 1992.[1] The parties' divorce decree ordered Husband to pay Wife support alimony in the total amount of $252,000.00 at $3,000.00 per month for 48 months, then $1,500.00 per month for 72 months.

¶ 3 In 1993, Husband moved to modify his spousal support obligation, asserting a decreased ability to pay. The trial court so found, and reduced Husband's monthly obligation to $2,000.00 per month but left Husband's total support obligation of $252,000.00 unchanged.

¶ 4 In late 1996, Husband again moved to modify his spousal support obligation, alleging Wife's cohabitation. Wife responded, denying Husband's right to modification, and cited Husband for contempt, alleging Husband's failure to pay $12,000.00 in support

---

1. The children of the marriage are emancipated.

alimony. After hearing, the trial court found Husband in contempt for having failed to pay the $12,000.00 in support alimony, but granted Husband a time certain to purge himself of the contempt. The trial court also granted Husband's motion to modify, finding a change in circumstance, i.e., Wife's cohabitation and an increase in Wife's employment income, and modified Husband's monthly support obligation to $1,250.00 per month beginning August 1997, but again left Husband's total support obligation of $242,000.00 unchanged, merely extending the period of Husband's spousal support obligation.

¶ 5    In the principal appeal, Husband asserts two primary issues: Whether the trial court's modification should have been applied retroactively, and whether the trial court erred in failing to reduce Husband's total spousal support obligation. On the issue of the trial court's power to modify spousal support obligations retroactively, Husband argues that the trial court should have directed modification to commence on the date Wife's cohabitation began, or alternatively, on the date of filing of his motion to modify.

██ ¶ 6 ·"[W]here alimony as been allowed to a wife in a divorce decree, the court has no power on subsequent application to increase or diminish the allowance given in the original judgment without statutory authority." *Roberts v. Roberts,* 1983 OK 1, ¶ 7, 657 P.2d 153, 154;· *accord, Funnell v. Funnell,* 1978 OK 69, 584 P.2d 1319; *Fisher v. Fisher,* 1976 OK 193, 558 P.2d 391. In this particular, 43 O.S.Supp. 1992 § 134(C) governs motions to modify for cohabitation, and provides in pertinent part:

> The voluntary cohabitation of a former spouse with a member of the opposite sex shall be a ground to modify provisions of a final judgment or order for alimony as support. If voluntary cohabitation is alleged in a motion to modify the payment of support, the court shall have jurisdiction to reduce or terminate future support payments upon proof of substantial change of circumstances of either party to the divorce relating to need for support or ability to support.

Thus by its own terms, § 134(C) clearly limits the trial court's modification authority to "future support payments," yet we find no contemporary authority construing the "future support payments" language. On the other hand, 43 O.S. Supp.1992 § 134(D) governing modification on change of circumstance under the ability-to-support/need-for-support tests, by its own terms has "only . . . prospective application,"[2] and three years ago, this court construed the "prospective application" language of § 134(D) as limiting the trial court's modification authority to those spousal support payments which accrued subsequent to the trial court's *order* for modification, *not,* as contemplated by the express language of the predecessor section to § 134(D), 43 O.S.1991 § 134(E), to spousal support "installment[s] accruing subsequent to the *motion to modify.*" *McCoy v. McCoy,* 1995 OK CIV APP 38, ¶¶ 6–9, 892 P.2d 680, 681–682.

¶ 7    In 1979, and without citing specific statutory authority, the Oklahoma Supreme Court held that wife waived her right to spousal support under the parties' divorce decree "during the period of [post-decretal] cohabitation with her former husband." *Rice v. Rice,* 1979 OK 161, ¶ 6, 603 P.2d 1125, 1128. That same year, the Oklahoma Legislature enacted 12 O.S. § 1289(D), the predecessor to 43 O.S. § 134(C), first establishing cohabitation as a ground for modification of an order for spousal support, and second, where cohabitation was "alleged in a motion to modify support," granting the district courts of this state "jurisdiction to reduce or terminate support payments on proof of substantial change of circumstances relating to need for support or ability to support." 12 O.S. Supp.1979 § 1289(D).

¶ 8    In 1983, citing 12 O.S. Supp.1979 § 1289(D), the Oklahoma Supreme Court affirmed a trial court order modifying (terminating) spousal support payments, one accruing prior to the filing of the motion to modify and one accruing after the trial court's order, on proof of the recipient spouse's alleged cohabitation. *Roberts,* 1983 OK 1, ¶¶ 3, 9–10,

---

**2.** The parties raise no issue with regard to § 134(F), mandating application of the current

version of § 134(C) and § 134(D) regardless of when the decree of divorce was entered.

657 P.2d at 155–56. Later that same year, the Oklahoma Legislature amended § 1289(D) to grant the district courts "jurisdiction to reduce or terminate *future* support payments" on the allegation of cohabitation and proof of changed circumstances as before. 12 O.S. Supp.1983 § 1289(D). In this relevant particular, the modification-for-cohabitation feature of the Oklahoma statute, *now recodified and renumbered at* 43 O.S. § 134(C), has since remained unchanged, although as we have recounted, the Oklahoma Legislature has indeed altered the terms and consequent effect of 43 O.S. § 134(D). *See, McCoy*, 1995 OK CIV APP 38, ¶¶ 6–9, 892 P.2d at 681–682.

■ ¶ 9 Having so observed, and as a matter of statutory construction, "where a former statute is clear or its meaning has been judicially determined, legislative amendment may reasonably indicate a legislative intent to alter the law. *Special Indemnity Fund v. Figgins*, [1992 OK 59,] 831 P.2d 1379, 1382 (Okla.1992); *Irwin v. Irwin*, [1965 OK 145, ] 433 P.2d 931, 934 (Okla.1965)." *Special Indem. Fund v. Archer*, 1993 OK 14, ¶ 11, 847 P.2d 791, 796, fn. 5. Given the Legislature's 1983 *amendment* to § 1289(D) to add the word "future" modifying the phrase "support payments" *after* the *Roberts* decision, we consequently presume the Legislature intended to alter the law as applied in *Roberts* and to consequently restrict the district courts' jurisdiction to modify *only* "*future* support payments," i.e., payments accruing *after* the filing of the motion to modify. In this conclusion, we are persuaded by the Legislature's 1983 addition of § 1289(E), in the same year as addition of the § 1289(D) "future" limit, to restrict the district courts' modification authority in non-cohabitation cases to "*only* those installments accruing *subsequent* to the motion for modification." That said, however, we deem it also significant that in 1992, when the Legislature struck from § 134(D) the "subsequent-to-the-motion-for-modification" restriction in favor of the "prospective application" provision construed in *McCoy*, the Legislature left unchanged the "future support payment" limitation of § 134(C), in our view, evincing the legislative intent to leave unchanged the provision of § 1289(D), and consequently § 134(C) as we have construed it, that in cohabitation cases, the district courts may modify only those payments accruing after the filing of the motion therefor.

■ ¶ 10 In the present case, however, we find no error by the trial court in granting modification of Husband's spousal support payments from and after the date of the trial court's order. That is to say, while § 134(C) as we have construed it certainly *permits* modification of "future support payments" accruing after filing of the motion to modify, we discern no language in § 134(C) which expressly *mandates* that *all* spousal support payments accruing after filing of a cohabitation-based motion to modify be in fact terminated or reduced. In this particular, we hold the decision as to *when* to commence the modified spousal support obligation, as with the decision of *whether* modification should be granted at all, to be one addressed to the sound discretion of the court. *See, e.g., Roberts*, 1983 OK 1, ¶ 10, 657 P.2d at 155.

¶ 11 Here, on consideration of the evidence of Wife's cohabitation and increased employment income, the trial court adjudicated Husband in contempt for failure to pay the previous six spousal support payments, in essence, determining Husband had no valid excuse for such failure, and Husband in this appeal raises no issue with regard to the trial court's contempt decision. *See, e.g ., Davis v. Davis*, 1987 OK CIV APP 41, ¶ 2, 739 P.2d 1029, 1031 (if contemner shown unable to comply with the court's order despite honest effort, or non-compliance is through no fault of the contemner, then non-compliance with the orders of the court is excused.) The trial court, in the exercise of its discretion, then granted Husband relief from his monthly spousal support obligation from and after the date of the trial court's order. Under the facts and circumstances of this particular case, and the court tacitly finding Husband to have no valid excuse for failure to pay the previously ordered support, we cannot say the trial court abused its discretion in modifying Husband's support obligation only after the date of the trial court's order.

¶ 12 On the issue of the trial court's alleged error in failing to modify Husband's total spousal support obligation, we observe that while § 134(D) clearly permits modification of spousal support payments "extend[ing] [both] to the terms of the payments and to the total amount awarded," § 134(C) contains no such guiding language. Without statutory directive in this particular, we therefore presume the Legislature intended to leave the decision of extent of modification in cohabitation cases to the sound discretion of the trial court, to be determined by the trial court in light of the facts and circumstances of each particular case, in order, for instance, that the "economic consequences of the alimony recipient's cohabitation," i.e., the recipient spouse's "need for support" in statutory parlance, be properly considered in the calculus. *See, e.g., Smith v. Smith*, 1992 OK CIV APP 132, 849 P.2d 1097. Under the particular facts and circumstances of this case, having reviewed the record, we cannot say the trial court abused its discretion in leaving unmodified Husband's total support obligation.

¶ 13 On Wife's counter-appeal, we likewise cannot say the trial court abused its discretion in granting Husband's motion to modify. That is, Husband offered evidence which arguably showed that Wife's employment income rose slightly (although Wife's gross income from all sources had not significantly changed) since the last modification, and that Wife's paramour may indeed have reaped some economic benefit from Wife's receipt of spousal support as to justify a modification of Husband's monthly support obligation. *See, Smith*, 1992 OK CIV APP 132, ¶¶ 12–14, 849 P.2d at 1099. Under these circumstances, we cannot say the trial court abused its discretion in finding a substantial change of condition relative to Wife's need for support as to justify a modification of Husband's monthly support obligation.

¶ 14 The order of the trial court is therefore AFFIRMED.

CARL B. JONES, V.C.J., and GARRETT, J., concur.