IN RE MARRIAGE OF DALTON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN RE MARRIAGE OF DALTON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN RE MARRIAGE OF DALTON
2019 OK CIV APP 23
438 P.3d 852
Case Number: 116056
Decided: 02/15/2019
Mandate Issued: 04/17/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 23, 438 P.3d 852

 

IN RE MARRIAGE OF DALTON:

ASHLEY HUGHES DALTON, Petitioner/Appellant,
v.
BRYAN LEE DALTON, Respondent/Appellee.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA

HONORABLE OWEN T. EVANS, JUDGE

REVERSED AND REMANDED

Brad K. Cunningham, Conner & Winters, L.L.P., Tulsa, Oklahoma, for Appellant,

Mark Antinoro, Antinoro Law Firm, P.L.C., Pryor, Oklahoma, for Appellee.

Larry Joplin, Presiding Judge:

¶1 Petitioner/Appellant Ashley Hughes Dalton (Wife) seeks review of the trial court's order directing payment of support alimony in installments by Respondent/Appellee Bryan Lee Dalton (Husband) pursuant to the parties' consent divorce decree. In this appeal, Wife complains the trial court impermissibly modified accrued payments of support alimony and, in so doing, violated her right to remarry by extending Husband's spousal support obligation an additional six and one-half years.

¶2 The parties married in 1996. Wife filed a Petition for Dissolution of Marriage in March 2011. The parties settled all issues and divorced by consent decree May 22, 2012. According to the consent decree, Husband agreed to pay Wife support alimony in the total sum of $225,000.00. The consent decree provided for Husband's payment of support alimony to Wife in installments according to the following schedule: $4,500.00 per month for twelve months, then $4,250.00 per month for the next twelve months, then $4,000.00 per month for twenty-four months. Apparently, however, neither Husband nor Wife noticed that the installment schedule provided for the payment of only $201,000.00 total, not the $225,000.00 to which the parties agreed.

¶3 On August 14, 2015, Husband filed a motion to terminate his support alimony obligation, there remaining some eight months of installment payments due. Husband alleged a change of circumstances in his ability to pay support, and Husband ceased making installment payments pursuant to the consent decree. In January 2016, Wife cited Husband for contempt on account of his failure to pay the installments of support according to the consent decree. After a pre-trial conference in August 2016, the trial court scheduled trial for January 25, 2017.

¶4 Prior to trial, in September 2016, Wife filed a motion for summary judgment, arguing that all payments of support due under the consent decree had accrued and were not subject to termination or modification. Husband responded, and argued his support obligation was subject to termination on the alleged change of conditions. In October 2016, the trial court denied Wife's motion for summary judgment.

¶5 Wife filed a second motion for summary judgment on December 8, 2016, again arguing the trial court could not terminate or modify the accrued and unpaid support alimony due under the parties' consent decree. Prior to trial on the date of hearing on the merits, the trial court denied Wife's second motion for summary judgment.

¶6 At trial, the evidence demonstrated that, at all times after he stopped paying, Husband possessed sufficient funds to make his required payments of support according to the consent decree. At the time of trial, Husband owed some $30,000.00 in past due installments of support alimony, and the $24,000.00 difference between the agreed-to support alimony of $225,000.00 and the $201,000.00 total of installments.

¶7 Noting the disparity between Husband's agreement to pay $225,000.00 in support alimony, and the installment schedule providing for Husband's payment of only $201,000.00, the trial court directed Husband to pay the total of $54,000.00 in support alimony due under the consent decree ($30,000.00 in past due installments and the $24,000.00 difference between the total support obligation of $225,000.00 and the total scheduled installments), in installments according to a schedule beginning in April 2017, and extending over the next 78 months.

¶8 Wife appeals. Wife again asserts the trial court lacked the power to modify or terminate payments of Husband's support obligation which had already accrued at the time of trial.

¶9 On this issue, and both at the time of filing of Husband's motion to terminate and at the time of trial, §134(D) of title 43, O.S., provided:

[T]he provisions of any dissolution of marriage decree pertaining to the payment of alimony as support may be modified upon proof of changed circumstances relating to the need for support or ability to support which are substantial and continuing so as to make the terms of the decree unreasonable to either party. Modification by the court of any dissolution of marriage decree pertaining to the payment of alimony as support, pursuant to the provisions of this subsection, may extend to the terms of the payments and to the total amount awarded; provided however, such modification shall only have prospective application.

43 O.S. Supp. 2012 §134(D). (Emphasis added.) In McCoy v. McCoy, 1995 OK CIV APP 38, 892 P.2d 680, the Court of Appeals construed the phrase, "prospective application," as used in this version of §134(D), as evincing our legislature's intent to limit the authority of an Oklahoma trial court to modify only payments of support alimony which came due after the date of the court's order for modification. McCoy, 1995 OK CIV APP 38, ¶¶6-9, 892 P.2d at 681-682.

¶10 We believe the Court of Appeals properly interpreted the "prospective application" language of §134(D) as limiting the trial court's authority to modify only payments of support alimony which come due after the date of the order for modification. At the time of trial in the present case, there remained an accrued arrearage of $30,000.00 due and unpaid for support alimony under the consent decree's schedule of payments. The trial court lacked the authority to modify the terms for payment of those installments which had already accrued at the time of trial.

¶11 We are likewise convinced that, notwithstanding the computational error for payment of Husband's support alimony obligation in installments, the consent decree's silence concerning the obligation to pay the $24,000.00 difference between the total support obligation of $225,000.00 and the $201,000.00 total of installments can only be construed to require the payment of the final $24,000.00 in support alimony as due upon completion of the schedule for payment of the expressly provided-for installments. To hold otherwise would impose on the parties a term for the payment of the total support obligation in installments, a matter to which they did not expressly agree. We consequently hold the trial court lacked the authority to direct the payment of the final $24,000.00 in support alimony otherwise than in lump sum.

¶12 The order of the trial court providing for Husband's payment of support alimony in installments otherwise than agreed and contrary to the limits of §134(D) allowing only prospective modification of unaccrued support alimony is consequently REVERSED and the cause REMANDED for entry of an order consistent with this opinion.

GOREE, C.J., and BUETTNER, J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1995 OK CIV APP 38, 892 P.2d 680, 66 OBJ 1259, McCoy v. McCoy
Discussed at Length
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 134, Alimony Payments - Designation of Support and Property Payments - Termination of Support - Cohabitation by Former Spouse - Modification of Support - Disposable Retired or Retainer Military Pay
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA